IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,      )

                     )

     Plaintiff,             )      CRIMINAL NO. 17-2558 MV

                     )

vs.                    )

                     )

ARTHUR PERRAULT,         )

                     )

     Defendant.          )

<u>PROTECTIVE ORDER</u>

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Court enters this Protective Order upon the unopposed motion of the United States, for the purpose of assuring the protection of certain information that may be produced to Arthur Perrault or his counsel (collectively, "Defendant") by or on behalf of the United States or any agency thereof (collectively, the "United States") in the course of this action.

1.       As used in this Protective Order, the term "Protected Information" includes any information that is disclosed by the United States to Defendant in the course of this action, regardless of whether such production is required by statute or rule, and which reflects any of the following information as it pertains to an individual or individuals other than Defendant:

a.       The name, date of birth, mailing or street address, telephone number, email address, or any other identifying information that can be used, alone or in conjunction with any other information, to identify any person who alleges that Defendant abused that person, including individuals not specified in the indictment.

b.       For all individuals, including those covered by paragraph (1)(a):

i.       All medical information, including any information covered by

HIPAA, such as information concerning psychiatric or psychological treatment or counseling;

    ii.      All financial information, including bank statements and account numbers;

    iii.      The first five (5) digits of any social security number; and

    iv.      The first five (5) digits of any taxpayer identification number.

2.      The United States shall designate information as subject to this Protective Order by marking it as "Protected Information." Electronic or digital storage devices containing Protected Information should be labeled on the outside of the media as "Protected Information."

    a.      The defendant's counsel may, at his request, inspect the original documents disclosed by the United States as Protected Information at a reasonable time before trial.

    b.      Protected Information furnished by the United States should only be used as necessary for conducting pre-trial, trial, and appellate proceedings in this case and for no other purposes whatsoever.

    c.      Nothing in this Order shall in any way preclude or restrict the right of any party to use, refer to, or recite any Protected Information in connection with any pleadings or motions provided that such materials is filed under seal.   Specific procedures concerning the use of Protected Information at trial or at pre-trial or post-trial hearings will be resolved at or before the time of the trial or hearing in question.

3.      Protected information is automatically subject to the terms of this Protective Order and need not be noticed or designated with any greater specificity.

4.      Protected information:

    a.  Shall be used by Defendant only for purposes of this action.

    b.  Shall not be published to the public in any form by Defendant.

    c.  Shall be disclosed by Defendant only to the following persons:

        i.  Defendant, including any attorneys employed by a law firm of record that represents Defendant in this action;

        ii.  Secretarial, clerical, paralegal, or student personnel employed full-time or part-time by attorneys or a law firm that represents Defendant in this action.

        iii.  Independent (non-employee) expert witnesses or advisors retained by Defendant in connection with this action;

        iv.  Such other persons as hereafter may be authorized by agreement of the parties or by the Court upon motion of either party.

5.    A copy of this Protective Order shall be delivered to Defendant and to each person within categories (ii), (iii) and (iv) of paragraph 4(c), above, to whom a disclosure of Protected Information is made, at or before the time of disclosure.   Defendant's counsel shall review with such individuals the requirements imposed by this Protective Order, and the provisions of this Protective Order shall be binding upon each such person to whom disclosure is made.

6.  The provisions of this Protective Order shall not be construed as preventing:

    a.  Any disclosure of information subject to the Protective Order by or on behalf of the United States;

    b.  Any disclosure of information subject to the Protective Order to any judge, magistrate, or employee of this Court for purposes of this action.

7.    This Protective Order shall not: (a) operate as an admission by any party that any

particular material contains or reflects matter or information otherwise protected from discovery or disclosure; (b) prejudice in any way the right of the United States to object to the conduct of further discovery or disclosure of documents it considers not subject to, or otherwise protected from discovery or disclosure; (c) prejudice in any way the right of either party to seek a Court determination (i) whether particular material should be produced or (ii) if produced, whether such material should be subject to the terms of this Protective Order; or (d) prejudice in any way the right of the United States to apply to the Court for a further protective order.

8.      Unless an alternative agreement is reached by the parties, upon the conclusion of this litigation (including all appeals and collateral actions), all Protected Information supplied by the United States subject to this Protective Order and all copies thereof, shall be returned to the party or entity having produced such material, or such material shall be certified to have been destroyed.

_____
HON. MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Respectfully submitted:

Holland S. Kastrin
Sean J. Sullivan
Assistant United States Attorney

Approved by Samuel L. Winder 09/27/2018