IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 17-2558-MV |
| ) | |
| vs. ) | |
| ) | |
| **ARTHUR PERRAULT,** ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE TO DEFENDANT'S
APPEAL OF DETENTION ORDER

On September 28, 2018, the defendant, Arthur Perrault (hereinafter, "Defendant"), filed a motion, Doc. 20, seeking this Court's review of a detention order, Doc. 18, issued by United States Magistrate Judge Karen B. Molzen (hereinafter, the "Magistrate Judge") on September 25, 2018, remanding Defendant to the custody of the United States Marshals Service pending trial. The United States responds as follows:

    I.    Relevant Facts and Procedural History

On September 21, 2017, a federal grand jury in the District of New Mexico returned an indictment, Doc. 2, charging Defendant with six counts of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(c), and one count of abusive sexual contact, in violation of 18 U.S.C. § 2244(a)(5). All of these offenses are crimes of violence.[1]

---

[1] 18 U.S.C. § 3156(a)(4) expressly states that any offense in violation of Chapter 109A of Title 18 of the United States Code is a crime of violence. All of the offenses charged in the indictment allege violations of sections of Chapter 109A.

On September 21, 2018, Defendant made his initial appearance in United States District Court. This occurred after Defendant, a former Catholic priest, was expelled from the Kingdom of Morocco at the request of the United States and agents from the Federal Bureau of Investigation transported Defendant back to the New Mexico to face the charges in this case.

On the same date, the United States filed a written motion, Doc. 10, asking the Magistrate Judge to detain Defendant pending trial, pursuant to 18 U.S.C. § 3142, based on his risk of non-appearance and dangerousness to the community. The prosecution's motion emphasized that Defendant was subject to a presumption of detention, pursuant to 18 U.S.C. § 3142(e)(3)(E), given the nature of the offenses charged.

On September 25, 2018, the Magistrate Judge conducted a detention hearing. Doc. 21, pp. 1-29. The United States relied on its written motion in support of detention, but also provided some additional information and oral argument. *Id.* at 3-15, 21-24. This included new information about Defendant's post-arrest statements to FBI agents while in transit from Morocco to New Mexico. *Id.* at 7. In particular, prosecutors advised the Magistrate Judge that Defendant admitted sexually assaulting children generally, including engaging in oral sex with them, but denied committing such crimes on Kirtland Air Force Base, where federal jurisdiction applies. *Id.*

On the issue of risk of non-appearance, the United States informed the Magistrate Judge that Defendant fled from New Mexico to Canada in 1992 upon learning that allegations of his sexual abuse were about to become public. *Id.* at 3-4. The prosecution told the Magistrate Judge that Defendant soon relocated to Morocco, a country that does not have an extradition treaty with the United States. *Id.* at 3-4.[2] The United States also advised the Magistrate Judge that

---

[2] Morocco "expelled" Defendant from the kingdom after the United States submitted formal papers to the Moroccan government that were similar to a formal extradition request.

Defendant wrote a letter to a New Mexico District Court Judge in 2016 acknowledging that he was aware of a lawsuit against him and stating that he had lived in Morocco for 23 years. *Id*. at 6. The prosecution noted that Defendant did not return to the United States voluntarily to contest this lawsuit, however. *Id*. The United States also informed the Magistrate that Defendant told FBI agents that he only had one friend remaining in New Mexico and that he had asked another friend in Morocco to take care of his apartment in Tangier during his absence, suggesting Defendant harbors a belief that he will be leaving the United States once again to return to Morocco. *Id*. at 6-7.

The United States also highlighted a previous opinion[3] from a fellow United States District Judge recognizing that New Mexico's proximity to the Mexican border decreases the capability of law enforcement to react to a defendant's flight even if the defendant is ordered to wear a GPS tracking device while on pretrial release. *Id*. at 23. The prosecution also cited a judicial opinion[4] noting that a defendant's involuntary surrender of his or her passport does not eviscerate his or her risk of flight. *Id*. at 22. The United States further stressed that Defendant's crimes involved extensive manipulation and deception and that Defendant should be expected to use similar methods to escape from a non-secure facility because – given his age – even a modest prison sentence in this case would amount to lifetime incarceration. *Id*. at 7-8.

The United States also addressed Defendant's dangerousness. *Id*. at 9. In particular, the United States pointed out that under 18 U.S.C. § 3142(e)(3) and (g)(1), a court must give significant weight to the fact that six of the seven charges carry a presumption of detention and

---

[3] *United States v. Munoz-Hernandez*, No. CR 12-0128 JB, 2012 U.S. Dist. LEXIS 161970, at *31-32 (D.N.M. Nov. 5, 2012) (Browning, J.)

[4] *United States v. Hills*, No. CR 16-329, 2018 WL 3956865, at *2 (N.D. Ohio August 17, 2018).

all of the offenses charged in the indictment are crimes of violence. *Id*. The prosecution also informed the Magistrate Judge that the FBI had not conducted any investigation of Defendant's possible sexual abuse of additional victims since he arrived in Morocco in 1992, including while Defendant worked at a language school in Tangiers. *Id*. at 10-11. Thus, the United States explained that it was premature to conclude that Defendant did not abuse anyone in Morocco after fleeing the United States. *Id*. at 11. The United States also noted that Defendant had a habit of seeking employment where he would have access to children, such as choosing to teach at St. Pius X High School after completing "treatment" at The Servants of the Paraclete in Jemez, New Mexico following allegations that he abused children in New England in the 1960s. *Id*. at 10.

The United States also submitted that Defendant would still be dangerous even if placed in a halfway house because he could borrow a cell phone from another resident and use that phone to contact children. *Id*. at 10. Further, the United States maintained that a detention center could adequately meet Defendant's medical needs and provide continuity of care. *Id*. at 12-13.

The prosecution also directed the Magistrate Judge's attention to *United States v. Frater*, 356 F. App'x 133 (10th Cir. 2009), where the Tenth Circuit upheld a district court's detention order in a case where the defendant fled the United States to avoid charges carrying a presumption of detention. *Id*. at 13. The United States noted that the appellate court referenced the defendant's lack of community ties, international travel, and residence abroad as reasons for affirming the district court's decision. *Id*. at 13-14. The United States urged the Magistrate Judge to consider *Frater* in deciding whether to detain Defendant under similar circumstances. *Id*.

Defendant's attorney also addressed the Magistrate Judge. *Id*. at 15-21. He relied in substantial part on the recommendation of Pretrial Services that Defendant should reside in the third-party custody of La Pasada Halfway House pending trial. *Id*. at 15. Defendant's counsel insisted any risk of non-appearance or dangerousness could be mitigated in that setting. *Id*. at 21.

Defendant's arguments for release also focused on his advanced age, healthcare needs, and lack of friends, family, and financial resources. *Id*. at 18. Defendant's attorney also questioned the reliability of the allegations against Defendant because the victim did not report his conduct at or near the time of occurrence. *Id*. at 20. Defendant's attorney also mentioned an unrelated case where the Magistrate Judge had previously released a defendant facing sexual abuse charges to a halfway house. *Id*. at 15, 24-25. That case involved a defendant with ties to family and community in the United States, and, critically, did not involve flight or extradition. *Id*.

At the conclusion of the hearing, the Magistrate Judge ordered Defendant to be detained pending trial. *Id*. at 27. The Magistrate Judge found by a preponderance of the evidence that no conditions of release could assure his appearance in court as required. *Id*. at 26. She also found by clear and convincing evidence that he posed a danger to the community that could not be mitigated by conditions of pretrial release. *Id*. The Magistrate Judge specifically noted that - unlike Pretrial Services - she was permitted to consider the strength of the evidence and the statutory presumption of detention. *Id*. at 4.

In further support of her decision, the Magistrate Judge offered several specific reasons why detention was appropriate, including the length of Defendant's potential term of imprisonment. *Id*. at 26. The Magistrate Judge expressed concern about the evidence proffered

demonstrating that Defendant left the United States to avoid answering to the same type of allegations as those contained in the pending indictment. The Magistrate Judge also referenced Defendant's lack of stable employment, residence, or community ties to New Mexico. *Id*. The Magistrate Judge further noted that she was concerned about Defendant's release because he appeared to be a "very charming man" based on her observations of him in court. *Id*. 27.

II.     Applicable Law

A defendant charged with a criminal offense is entitled to a hearing before a magistrate judge on the issue of his or her pre-trial detention. *See* 18 U.S.C. §§ 3142(f). At such a hearing, the magistrate judge must consider "(1) the nature and circumstances of the offense charged[;] … (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including … [the defendant's] criminal history … and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

To be sure, the United States bears the burden of proving risk of flight by a preponderance of the evidence and proving dangerousness by clear-and-convincing evidence. 18 U.S.C. § 3142(f); *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). The ultimate "burden of persuasion … always remains with the [United States]." *United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991). However, there is a presumption of detention in cases involving minor victims under 18 U.S.C. § 2241. *See* 18 U.S.C. § 3142(e)(3)(E). When this presumption applies, the burden of production shifts to the defendant. *Stricklin*, 932 F.2d at 1354.[5]

---

[5] This "burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the . . . court in determining whether to release or detain." *Id*. at 1355.

At the completion of the detention hearing, the magistrate judge shall issue a detention order, pursuant to 18 U.S.C. § 3142(i), when "the jud[ge] finds that no … conditions [of release] will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  However, the magistrate judge may release the defendant from custody when there are conditions of release that can adequately mitigate the defendant's risk of flight and danger to the community.  *United States v. Bustamante-Conchas*, 577 Fed. Appx. 803, 805 (10th Cir. 2014).

When a magistrate judge elects to detain a defendant pending trial, the defendant has "two avenues" to seek reconsideration of the magistrate's detention order "prior to review on appeal by a court of appeals."  *Cisneros*, 328 F.3d at 614.  The defendant may ask for reconsideration from "the same judicial officer who entered the initial order[,]" i.e., the magistrate judge.  *Id*.  In the alternative, the defendant may file a "motion for revocation" of the detention order with "a judge of a court having original jurisdiction over the offense[,]" i.e., the district court.  *Id*. at 615.

When the defendant chooses the second option, the district court conducts a de novo review of the magistrate's detention order.  *Id*. at 616 n. 1.  In doing so, the district court may rely on the record already established and/or hold its own hearing and consider new evidence from the parties.  *Id*. at 617.

III.     Argument

This Court should affirm the Magistrate Judge's detention order without a need for further evidence.  The record clearly establishes that the Magistrate Judge considered all of the required factors, including (1) the serious nature and circumstances of the sex crimes offenses charged in the indictment, (2) the substantial weight of the evidence against Defendant, including

7

his own admissions of child sexual abuse, (3) Defendant's troubling history and characteristics, including his previous flight from justice, and (4) the extremely serious danger he poses to the community as a pedophile.  *See* 18 U.S.C. § 3142(g).

Based on these factors, the Magistrate Judge properly found by a preponderance of the evidence that Defendant presents an extreme risk of non-appearance that makes him entirely unsuitable for pre-trial release, even to a halfway house with GPS monitoring, as Pretrial Services recommended.  In analyzing Defendant's risk of flight, the Magistrate Judge correctly highlighted Defendant's history of "actual evasion" upon learning that he had been accused of child sexual abuse in 1992.  Doc. 21 at 25.  Because Defendant previously fled the United States to avoid accountability for his sexual abuse of children, it is reasonable to expect him to flee again, if given an opportunity.  This makes Defendant's case different from most others where the court can only surmise about a defendant's propensity to flee.

To be sure, Defendant argued at the detention hearing that he is significantly older and in poorer health than he was when he abruptly departed New Mexico more than twenty years ago.  However, Defendant was healthy enough to live independently at the time of his arrest by Moroccan authorities approximately one year ago.  This supports the Magistrate Judge's finding that Defendant remains a flight risk despite his age and physical condition.

The Magistrate Judge also correctly found by clear and convincing evidence that Defendant is a danger to the community even if he is restricted to a halfway house or subject to other strict conditions of release.  The Magistrate Judge specifically remarked that Defendant is a "very charming man[,]" which she found troubling in light of his history of manipulating and exploiting other people, especially children.  Doc. 21 at 27.  Indeed, the evidence shows that Defendant gained the trust of many of his victims with gifts, meals and excursions to amusement

parks. Doc. 10 at 4-5. Defendant also deceived their parents into allowing them to spend time with him for purportedly religious purposes. *Id*. Given Defendant's history of manipulating others as part of his offenses, the Magistrate Judge correctly found him unfit for placement in a halfway house or other non-custodial setting. Certainly, Defendant must be sufficiently isolated from the outside world to prevent him from harming more children or fleeing from justice again.

IV.     Conclusion

Under these circumstances, this Court should affirm the Magistrate Judge's order remanding Defendant to the custody of the United States Marshals Service pending trial. The Magistrate Judge considered all of the necessary factors under 18 U.S.C. § 3142(f). She also made correct findings of fact and conclusions of law to support her decision on detention. The United States submits that this Court should reach similar findings and conclusions based on a de novo review of the record as the prosecution has met its burden of proving Defendant is a flight risk by a preponderance of the evidence and a danger to the community by clear and convincing evidence. Given the record before the Court, Defendant should not be released from custody under any conditions, especially when a presumption in favor of detention applies.

WHEREFORE, the United States requests that this Court affirm the Magistrate Judge's detention order.

Respectfully Submitted,

JOHN C. ANDERSON
United States Attorney

_/s/_____
HOLLAND S. KASTRIN
SEAN J. SULLIVAN
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of October, 2018, I filed the foregoing pleading electronically through the CM/ECF system, and served counsel of record with this pleading by email.