IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. CR 17-2558

ARTHUR PERRAULT,

        Defendant.

### DEFENDANT'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S APPEAL OF DETENTION ORDER

COMES NOW the Defendant ARTHUR PERRAULT , by and through counsel of record, Samuel L. Winder, Romero & Winder, P.C. respectfully replies to the United States' response to the Defendant's appeal of the Order of Detention issued by the Honorable United States Magistrate Judge Karen B. Molzen on September 25, 2018.

Defendant Perrault renews his request that this Court take judicial notice of the Pretrial Services Report ("Report").  Defendant Perrault requests this Court follow the recommendation set forth in the Report that would allow him to be released to the third-party custody of the La Pasada Halfway House under strict conditions.

The United States argues that Defendant Perrault is a flight risk that could flee to Mexico. In support of this argument, the United States cites to *United States v. Munoz-Hernandez,* No. CR 12-0128 JB, 2012 U.S. Dist. LEXIS 161970 (D.N.M. Nov. 5, 2012) (Browning, J).   In the *Munoz-Hernandez* matter, the defendant was 38 years old at the time; had 14 failures to appear; was a citizen of Mexico; and was a member of the Sinaloa Cartel.  In addition, the Pretrial Services report recommended that the defendant be detained.

In this case, Defendant Perrault is 80 years old and is in frail health. He has no ties to Mexico and is certainly not a member of any drug cartel. He has no financial resources. In sum, he is not a flight risk to Mexico. In addition, the Report recommends that Defendant Perrault be released to the third-party custody of the La Pasada House, unlike the recommendation in the *Munoz-Hernandez* matter.

Defendant Perrault has surrendered his passport. He uses a walker and cane interchangeably. It is difficult to see how he would be able to make his way out of the Albuquerque city limits, much less from the State of New Mexico.

With regard to issue of dangerousness, at the time of the detention hearing, there was no discovery available to defense counsel. The United States has timely provided discovery to undersigned counsel. Undersigned counsel has not had the opportunity to review all of the discovery with his client. However, the charges set forth in the indictment are 26-27 years old. It also appears that there is *no evidence* to corroborate John Doe's claims set forth in the indictment. Based upon an initial review of the indictment, two investigators with the Federal Bureau of Investigation interviewed Defendant Perrault on the flight from Morocco to the United States. In its response, the United States sets forth allegations of other children without any specificity. Significantly, Defendant Perrault *did not* confess to sexually abusing John Doe. Defendant Perrault has also offered to undergo a polygraph examination to clear himself of the allegations set forth in the indictment. Given the above, there is a strong likelihood that this case may proceed to trial.

In summary, Defendant Perrault renews his request that he be released to the third-party custody of the Halfway House consistent with the United States Pretrial Service Officer's

recommendation.[1]   Defendant Perrault requests this Court impose the very strict conditions set forth in the Report.  Undersigned counsel has informed Defendant Perrault that any violation of the conditions will result him being placed back in custody.

                                                              Respectfully submitted,

                                                              /s/ Samuel. L. Winder

                                                              Samuel L. Winder, Esq.
                                                              Attorney for Defendant Arthur Perrault
                                                              Romero & Winder, P.C.
                                                              1905 Lomas Blvd. NW
                                                              Albuquerque, NM 87102
                                                              (505) 843-9776

---

[1] The defendant's placement at the La Pasada Halfway House will also allow defense counsel to meet with client to go over discovery and prepare for trial in this matter.

I HEREBY CERTIFY that on the 14$^h$ day of October 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Sean J. Sullivan, Assistant United States Attorney
Holland S. Kastrin, Assistant United States Attorney

/s/ Samuel L. Winder
Samuel L. Winder