IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 17-2558-MV |
| | ) | |
| vs. | ) | |
| | ) | |
| **ARTHUR PERRAULT,** | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' UNOPPOSED MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INFORMING THE JURY OF HIS POTENTIAL PUNISHMENT, INCLUDING THE MAXIMUM SENTENCES AUTHORIZED BY STATUTE

The United States respectfully moves the Court, for an order, *in limine*, prohibiting the Defendant, Arthur Perrault (hereinafter, "Defendant") from offering evidence of, mentioning, or otherwise putting forth, in any manner, in the jury's presence, any evidence or statements regarding Defendant's potential punishment in this case, including the maximum sentences authorized by statute.

On or about September 21, 2017, a grand jury in the District of New Mexico returned an indictment, Doc. 2, charging Defendants with six counts of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(c), and one count of abusive sexual contact, in violation of 18 U.S.C. § 2244(a)(5).  Defendant was arraigned on the indictment in the United States District Court for the District of New Mexico on September 21, 2018.  See Doc. 13.   Trial in this matter is scheduled for November 26, 2018.

Defendant face the following maximum sentence if convicted of violating 18 U.S.C. §§ 2241(c), as charged in the indictment:

      a)      Imprisonment for any term of years to life;[1]
      b)      a fine not to exceed $250,000; and
      c)      a term of supervised release of no more than five years.

Defendant faces the following maximum sentence if convicted of violating 18 U.S.C. §§ 2244(a)(5):

      a.      Imprisonment for a term of no more than ten years;
      b.      a fine not to exceed $250,000; and
      c.      a term of supervised release of no more than five years.

This Court should prohibit Defendant from informing the jury of the potential punishment he faces, including these maximum statutory penalties. Tenth Circuit Criminal Pattern Jury Instruction 1.04 advises jurors, in pertinent part, "It is . . . your duty to base your verdict solely upon the evidence, without prejudice or sympathy." Instruction 1.20 further states, "If you find the defendant guilty, it will be my duty [as the judge] to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict."

Based on these jury instructions, it is entirely improper for the jury in Defendant's case to consider his potential punishment, including the maximum statutory penalties, as determining punishment is exclusively the responsibility of the trial court.

Moreover, Defendants should not be permitted to argue that the jury should hear about his potential punishment because a jury has a right to nullify if it believes the sentence authorized by law is unduly harsh. Simply stated, "[T]here is no right to jury nullification." *Crease v. McKune,* 189 F.3d 1188, 1194 (10th Cir. 1999) *citing United States v. Thomas,* 116 F.3d 606, 615 (2d Cir. 1997)(stating "the power of juries to 'nullify' or exercise a power of lenity is just that - a power; it is by no means a right or something that a judge should encourage or permit if it

---

[1] These are the penalties applicable at the time of Defendant's offenses.

is within [the Court's] authority to prevent."). Further, there is a bright line rule that a jury should not be informed of a defendant's possible penalties unless a statute specifically requires the jury's participation in determining punishment, such an in a death penalty case. *United States v. Jones*, 933 F.2d 807, 811 (10th Cir. 1991); *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971). Indeed, at least one other appellate court recognizes:

> When a jury has no sentencing role, providing sentencing information invites jurors to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion. . . . Indeed, the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law.

*United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995).

Based on these legal standards, the United States respectfully requests that this Court issue a pretrial ruling prohibiting Defendant from offering evidence of, mentioning, or otherwise putting forth, in any manner, in the jury's presence, any evidence or statements regarding Defendant's potential punishment in this case, including the maximum sentences authorized by statute.

Defendant's attorney, Sam Winder, has indicated he and his client do not oppose this motion.

WHEREFORE, the United States' motion should be granted.

        Respectfully Submitted,

        JOHN C. ANDERSON
        United States Attorney


        _/s/_____
        HOLLAND S. KASTRIN
        SEAN J. SULLIVAN
        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of October, 2018, I filed the foregoing pleading electronically through the CM/ECF system, and served counsel of record with this pleading by email.

                                        SEAN J. SULLIVAN
                                        Assistant United States Attorney