IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,       )
                                )
                    Plaintiff,  )       CRIMINAL NO. 17-2558-MV
                                )
        vs.                     )
                                )
**ARTHUR PERRAULT,**            )
                                )
                    Defendant.  )

<u>UNITED STATES NOTICE OF INTENT TO OFFER EVIDENCE
PURSUANT TO FED. R. EVID. 404(b), 413, AND 414</u>

The United States hereby provides notice to the defendant, Arthur Perrault (hereinafter, "Defendant"), of the prosecution's intent to offer evidence at trial, pursuant to Rule 404(b), Rule 413, and Rule 414 of the Federal Rules of Evidence.[1]

I.      <u>Applicable Law</u>

A.      <u>Rule 404(b)</u>

Pursuant to Fed. R. Evid. 404(b), evidence of a defendant's other crimes, wrongs, or acts may be admissible at trial for purposes other than proving the defendant's character, such as proving motive, intent, opportunity, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  The prosecution must "provide reasonable notice of the general nature of any such evidence" that the United States intends to offer.  Fed. R. Evid. 404(b)(2)(A).

However, Fed. R. 404(b) only limits the admissibility of "extrinsic evidence."  *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009).  This rule does not apply to "intrinsic

---

[1] The United States provides this notice in compliance with the requirements for admission of such evidence at trial.  However, the United States reserves the right to amend this notice within the timeframe authorized by Fed. R. Evid. 404(b), 413, and 414.  Further, the United States reserves the right to provide further oral and written argument in support of the admission of such evidence at Defendant's trial.

evidence" that is "inextricably intertwined" with the charged offenses.  *Id*.  Evidence is not subject to exclusion under Fed. R. Evid. 404(b) when it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury."  *Id*. "Evidence of acts or events that are part of the crime itself, or evidence essential to the context of the crime, does not fall under the other crimes limitation of Rule 404(b)."  *Id*. at 1314-15.

B.    Fed. R. Evid. 413 and 414

Pursuant to Fed. R. Evid. 413(a), when a defendant is "accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault."  When the prosecution intends to offer such evidence, "it must disclose it to the defendant, including witnesses' statements or a summary of the expected testimony . . . at least fifteen days before trial or at a later time that the court allows for good cause." Fed. R. Evid. 413(b).  Similar rules apply for the admission of evidence of uncharged child[2] molestation offenses under Fed. R. Evid. 414. Unlike Rule 404(b) other act evidence, which may not be used to prove propensity, Rule 413 and 414 evidence is intended to prove propensity.  *United States v. Benally*, 500 F.3d 1085, 1092 (10th Cir. 2007) ("Evidence of other similar crimes involving sexual assault and child molestation was determined by Congress to be probative of a defendant's propensity to commit such crimes.").

C.    Fed. R. Evid. 403

Evidence that is otherwise admissible may still be subject to exclusion when "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the

---

[2] For these purposes, a child means a person less than fourteen years old.  Fed. R. Evid. 414(d)(1).

issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

II.     Notice of Intent to Offer Evidence

A.     Other Evidence Concerning John Doe

The United States intends to offer the following evidence at trial pertaining to John Doe, the victim named in the indictment.  Some of this evidence directly relates to the charged offenses, which involve crimes within the special maritime and territorial jurisdiction of the United States.  Other evidence involved uncharged conduct, virtually all of which occurred outside of federal jurisdiction that could have been charged in an indictment if it occurred on federal property and within the applicable statute of limitations period.  The United States submit that this evidence of uncharged conduct is admissible as intrinsic evidence of the charges offenses because such evidence is inextricably intertwined with the charges based on the standards set forth in Parker, above.  In the alternative, the United States submits that this evidence is admissible pursuant to Fed. R. Evid. 404(b), 413, and 414.

A.     John Doe

Defendant was the pastor of St. Bernadette's parish when he abused John Doe.  John Doe was an altar boy at the time of the abuse.  Defendant engaged in a progression of improper acts that eventually led to sexual abuse.  At first, Defendant would touch, hug, and kiss John Doe on the head - usually in the back of the church after mass, beginning when he was about nine or ten years old.  Defendant also took John Doe on outings, including meals at restaurants.  John Doe observed Defendant smoke a pipe on numerous occasions.

Defendant sometimes kissed John Doe on the mouth and attempted to "French" kiss him.  Defendant's improper conduct eventually progressed to actual sexual abuse, including

Defendant performing oral sex on John Doe, Defendant digitally penetrating John Doe's anus with his fingers, and Defendant fondling John Doe's genitals over and under John Doe's clothes. Defendant sometimes gave him alcohol (beer and wine) to facilitate his abuse.

Defendant's first act of sexual abuse occurred after mass in a living room of the rectory at St. Bernadette's. Defendant placed his hand directly on John Doe's penis under his clothes. Defendant also placed his finger in John Doe's anus. Defendant left the room after this happened.

Defendant also sexually abused John Doe at several other locations in New Mexico, including on Kirtland Air Force Base and the Santa Fe National Cemetery. While some of these acts are reflected as charges in the indictment, not all of them are. The United States anticipates that John Doe will testify that Defendant abused him at the base chapel approximately ten times, not all of which are captured in the current indictment. Defendant's conduct at the chapel included touching John Doe's genitals under John Doe's clothing and digitally penetrating John Doe's anus with his fingers. The anal penetration caused bleeding on at least one occasion. Defendant said things to John Doe as he was abusing him such as "Good job[,]" "This is our secret[,]" and "Don't tell anyone." Defendant would sometimes stop his abuse when he heard noises from nearby.

John Doe also estimates that Defendant abused him approximately ten more times while they were inside of Defendant's automobile within the confines of Kirtland Air Force Base. This abuse in Defendant's car usually involved Defendant fondling John Doe's genitals under John Doe's clothing, penetrating John Doe's anus with John Doe's fingers, and performing oral sex on John Doe. Some of this abuse occurred near what John Doe has described as "airplanes on a stick."

4

Defendant also performed oral sex on John Doe in other places, including a bedroom of the St. Bernadette's rectory.  Defendant gave John Doe some gifts not long before he left New Mexico.  These included a portable stereo, Nintendo, and a medal with a Marine logo on it.  Defendant told John Doe that he was receiving these gifts because he was a "good boy."

Defendant coaxed John Doe to keep their encounters a secret by telling him, "You're my boy[,]" "You're my sunshine[,]" and "Don't tell the other altar boys.  You'll make them jealous."   Defendant also instructed John Doe, "Do not speak ill of a priest."

## B.   Evidence Concerning Other Victims

The United States intends to offer the following evidence concerning other victims[4] of sexual abuse by Defendant, pursuant to Fed. R. Evid. 404(b), 413, and 414.

### John Doe 2[5]

Defendant sexually abused John Doe 2 repeatedly, including in Defendant's bedroom at his condominium.  This abuse included Defendant kissing John Doe 2 and hugging him tightly while Defendant's penis was erect.  This abuse occurred when John Doe 2 was approximately a sixth grader and an altar boy at St. Bernadette's parish.  John Doe 2 attended at least one parish appreciation dinner with Defendant and other altar boys at Kirtland Air Force Base.  John Doe 2 remembers Defendant smoking a pipe.

---

[4] These additional victims are identified in this document as "John Doe 2" to "John Doe 9." However, these additional victims are identified by name in witness statements and depositions being provided to the defense subject to the Court's protective order.  The United States will also provide the Court and the defense with a table indicating the identity of each "John Doe" victim.

[5] The United States has disclosed further information about Defendant's abuse of John Doe 2 in discovery documents 746-747 and 800-801.

<u>John Doe 3</u>[6]

Defendant sexually abused John Doe 3 on at least one occasion in a church rectory when John Doe 3 was about thirteen years old.  This abuse involved Defendant kissing John Doe 3, rubbing John Doe 3's genitals, and unbuttoning or unzipping John Doe 3's pants.  This abuse occurred while John Doe 3 was an altar boy at a parish in Albuquerque.  John Doe 3 promptly disclosed this abuse to his father, who took John Doe 3 back to the church and confronted Defendant.  Defendant later wrote an apology letter to John Doe 3's parents.

<u>John Doe 4</u>[7]

Defendant sexually abused John Doe 4 at least once in Defendant's living quarters at Pius X High School, where Defendant was a faculty member and John Doe 4 was a student.  This abuse included Defendant performing oral sex on John Doe 4 and masturbating in front of him.  Defendant told John Doe 4 to forget the incident ever happened.

<u>John Doe 5 and 6</u>[8]

Defendant sexually abused two brothers, John Doe 5 and John Doe 6, repeatedly in the bedroom of their home.  John Doe 5 was about eleven to thirteen years old when the abuse occurred.  John Doe 6 was about nine to eleven years old.  The abuse occurred while the boys were altar boys at a parish in Albuquerque.  Defendant's abuse included fondling the boys' genitals.  The boys' parents frequently invited Defendant to their home for Sunday dinner.   At

---

[6] The United States has disclosed further information about Defendant's abuse of John Doe 3 in discovery documents 808-869 and 910.

[7] The United States has disclosed further information about Defendant's abuse of John Doe 4 in discovery documents 699-745 and 806-807.

[8] The United States has disclosed further information about Defendant's abuse of John Doe 5 in discovery documents 748, 796-797 and 870-909 and of John Doe 6 in discovery documents 749-750, 798-799, and 1092-1128.

least once, Defendant took the boys to Kirtland Air Force Base, but did not abuse him there. Defendant also took the boys to restaurants in Albuquerque.  John Doe 5 and John Does 6 eventually disclosed this abuse to each other and their parents.  The boys' father confronted Defendant, who later apologized to their mother at a church function.

John Doe 7[9]

Defendant sexually abused John Doe 7 repeatedly, including in the base chapel and in Defendant's automobile at Kirtland Air Force Base.  Other acts occurred at Ten Thousand Waves and Ojo Caliente.  This abuse started when John Doe 7 was about fourteen years old. Defendant masturbated in front of John Doe 7.  Defendant performed oral sex on John Doe 7, fondled John Doe 7's genitals, and digitally penetrated John Doe 7's anus.  Defendant also penetrated John Doe 7's anus with his penis.  Defendant sometimes provided John Doe 7 with alcohol when abusing him. Defendant also showed John Doe 7 child pornography.  John Doe 7 attended St. Bernadette's parish when this abuse occurred.

John Doe 8[10]

Defendant sexually abused John Doe 8 repeatedly, including in the base chapel and in Defendant's automobile at Kirtland Air Force Base.  At least once, Defendant took John Doe 8 for dinner at the Officers' Club.  Defendant also took John Doe 8 on trips to the Jemez Mountains, Santa Fe, and Juarez, Mexico.  Defendant abused John Doe 8 when John Doe 8 was in middle school.  John Doe 8 was an altar boy at the time of the abuse.  Defendant's conduct included performing oral sex on John Doe 8 and fondling John Doe 8's genitals.  Defendant told

---

[9] The United States has disclosed further information about Defendant's abuse of John Doe 7 in discovery documents 802-803 and 911-951.

[10] The United States has disclosed further information about Defendant's abuse of John Doe 8 in discovery documents 751-795.

John Doe 8 his conduct was not improper because God made them that way.  Defendant sometimes showed John Doe 8 pornography.  John Doe 8 remembers Defendant smoking a pipe.

<u>John Doe 9</u>[11]

Defendant sexually abused John Doe 9 repeatedly, including in Defendant's automobile and Defendant's living quarters at St. Pius, where Defendant was a faculty member.  John Doe 9 was one of Defendant's students at the time of the abuse.  Defendant touched John Doe 9 under John Doe 9's shirt.  Defendant also rubbed Defendant's knee in John Doe 9's groin.   Defendant bought gifts for John Doe 9.   Defendant also took John Doe 9 on an overnight trip to Sante Fe where they slept in the same bed but no abuse occurred.  John Doe 9 remembers Defendant smoking a pipe.

III.    <u>Conclusion</u>

The evidence described herein is admissible for the purposes set forth above.  This Court should allow the United States to offer this evidence at trial.

Respectfully Submitted,


JOHN C. ANDERSON
United States Attorney

_/s/_____
HOLLAND S. KASTRIN
SEAN J. SULLIVAN
Assistant United States Attorneys


<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 5th day of November, 2018, I filed the foregoing pleading electronically through the CM/ECF system, and served counsel of record with this pleading by email.

---

[11] The United States has disclosed further information about Defendant's abuse of John Doe 9 in discovery documents 804-805 and 952-1091.