IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 17-2558 MV |
| ) | |
| vs. ) | |
| ) | |
| **ARTHUR PERRAULT**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE
DEFENDANT'S SELF-SERVING STATEMENTS
AS INADMISSIBLE HEARSAY**

The United States respectfully moves for an order *in limine* prohibiting the defendant, Arthur Perrault (hereinafter, "Defendant"), from eliciting testimony or otherwise introducing evidence, either during direct examination or cross-examination, of Defendant's self-serving out-of-court statements, as such declarations are inadmissible hearsay, pursuant to Fed. R. Evid. 801 and 802.  In support of this motion, the prosecution states as follows:

BACKGROUND

Defendant is charged in the indictment with six counts of aggravated sexual abuse, in violation of 18 U.S.C. § 2241, and one count of abusive sexual contact, in violation of 18 U.S.C. § 2244.  Doc. 2.  The United States intends to offer evidence at trial of several prior, incriminating statements by Defendant.  This evidence includes the following:

- Letter to mother of John Doe 3[1]
- Testimony of oral statements to mother of John Doe 5 and 6[2]
- Letter to New Mexico District Judge Denise Barela Shepard[3]

---

[1] The United States disclosed this letter to the defense as Bates No. 0363.

[2] The United States disclosed this evidence to the defense in Bates Nos. 1130.

- Letter to King of Morocco[4]
- Testimony of oral statements to FBI agents[5]
- Testimony of oral statements to State Department employee[6]

## APPLICABLE LAW

Generally, the Federal Rules of Evidence allow the prosecution to offer evidence of a defendant's inculpatory statements as non-hearsay admissions by a party-opponent.  *See* Fed. R. Evid. 801(d)(2)(A).  However, the rules of evidence generally prohibited a defendant from offering any evidence of his or her out-of-court exculpatory statements.  *See* Fed. R. Evid. 802; *United States v. Larsen*, 175 F. App'x 236, 241, 2006 WL 895491 (10th Cir. 2006) (finding no exception to the hearsay rules allowing a defendant "to introduce into evidence his own out-of-court exculpatory statements.").  Indeed, "evidence of self-serving statements of innocence made by the defendant after the offense was discovered . . . lacks the required indicia of trustworthiness and reliability which support the admission of hearsay under exceptions to the hearsay rule." *United States v. Lujan*, Cr. No. 13-985, Doc. 76 (D.N.M. Feb. 7, 2014)(Vazquez, J.) (citing *United States v. Woolsey*, 761 F.2d 445, 449 (8th Cir. 1985)).

To be sure, when the United States offers selected portions of a defendant's written or recorded statement as evidence at trial, the defendant may be entitled to elicit other portions of the statement under the rule of completeness.  *See* Fed. R. Evid. 106.  However, this is a narrow provision of law that is only intended "to prevent a party from misleading the jury by allowing

---

[3] The United States disclosed this letter to the defense as Bates Nos. 366-375.

[4] The United States disclosed this letter to the defense as Bates Nos. 1132-1134.

[5] The United States disclosed the substance of this evidence to the defense in Bates Nos. 0376-0383, 0403.

[6] The United States disclosed this evidence to the defense in Bates No. 1139.

into the record relevant portions of a writing or recorded statement which clarify or explain the part already received." *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010). In determining whether to admit a disputed portion of a written or recorded statement, the trial court should consider "whether (1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence." *Id*. Fed. R. Evid. 106 does not require the trial court to admit "portions of a writing which are neither explanatory of the previously introduced portions nor relevant to the introduced portions admitted." *United States v. Wright*, 826 F.2d 938, 946 (10th Cir. 1987) (noting "[i]t would be puerile to suggest that if any part of a statement is to be admitted the entire statement must be admitted").

## ARGUMENT

In light of this legal authority, the United States respectfully requests that the Court grant the United States' motion and preclude Defendant from offering any out-of-court exculpatory statements at trial. Further, the United States respectfully requests that the Court direct Defendant to seek an admissibility ruling from the court, outside the presence of the jury, before offering any portions of any written or recorded self-serving statements.

Defendant's attorney, Samuel L. Winder, Esq., has indicated he opposes this motion.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

/s
SEAN J. SULLIVAN
HOLLAND S. KASTRIN
Assistant U.S. Attorneys

                                                  201 Third St. NW, Suite 900
                                                  Albuquerque, NM 87102

I hereby certify that a copy of this
motion was delivered via CM/ECF
to counsel for defendants.
*filed electronically*
Sean J. Sullivan