IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 17-2558 MV |
| | ) | |
| vs. | ) | |
| | ) | |
| ARTHUR PERRAULT, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE
EVIDENCE ABOUT QUALITY OF GOVERNMENT'S INVESTIGATION**

The United States respectfully moves this Court for an order prohibiting the defendant, Arthur Perrault (hereinafter, "Defendant"), from questioning witnesses or otherwise offering any evidence at trial about the quality of the government's pretrial investigation. As explained more fully below, such evidence is irrelevant under Fed. R. Evid. 401, would confuse the issues and mislead the jury under Fed. R. Evid. 403, and violates the generally prohibition on such evidence set forth in *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998).

I.  Relevant Facts and Procedural History

The indictment in this case charges Defendant with six counts of aggravated sexual abuse, in violation of 18 U.S.C. § 2241, and one count of abusive sexual contact, in violation of 18 U.S.C. § 2244. It is probable Defendant will argue to the jury that he is not guilty of these offenses because they were actually committed by someone else.

Indeed, defense counsel has already raised this specific defense in correspondence with the United States. *See* Doc. 57-1 at 2. Defense counsel sent a letter to the prosecution on December 21, 2018, requesting production of complaints and settlement agreements in civil cases involving John Doe and other victims of uncharged abuse. *Id*. According to defense counsel, "If there are references to any other persons who sexually abused the alleged victims in the complaints, this could possibly be *Brady* material that must be disclosed." *Id*.

Under these circumstances, it is probable Defendant will try to avoid criminal responsibility for the charged offenses by shifting the blame to others. To that end, Defendant is likely to suggest the FBI agents who investigated this case did not do enough to rule out other possible suspects. Defendant might also suggest that the investigators' failure to pursue additional investigative measures creates reasonable doubt about his guilty.

II.     Law and Analysis

Ordinarily, a trial court should not allow a defendant to offer evidence about the quality of the government's pretrial investigation. *See McVeigh*, 153 F.3d at 1192. The defense may not put "the government on trial" by suggesting "there might have been something more the government perhaps could have done" to identify "other potential suspects" or additional evidence. *Id*. A defendant is not allowed to engage in unfounded speculation that the government's investigation was "shoddy" or "slanted." *Id*.

Such evidence is irrelevant. *See* Fed. R. Evid. 401. The quality of the government's pretrial investigation does not make any fact of consequence in a case

"more probable or less probable that it would be without the evidence." Fed. R. Evid. 401. Such evidence would also confuse the issues and mislead the jury. *See* Fed. R. Evid. 403; *McVeigh*, 153 F.3d at 1192 (noting such evidence "would inevitably divert the jury's attention from the issues of the trial.").

To be sure, there is a narrow exception to the general rule that evidence about the quality of the government's pretrial investigation is inadmissible. However, a defendant must satisfy a very high standard to meet this exception. Specifically, the defendant must show that the allegedly "shoddy" investigative work actually undercuts the reliability of other trial evidence. *Id*. For example, a defendant in a homicide case could offer evidence that the victim's relatives handled the purported murder weapons before turning them over to police. *See id*. (citing *Lowenfield v. Phelps*, 817 F.2d 285, 291 (5th Cir. 1987) (addressing habeas petition claiming trial defense counsel should have objected based on chain of custody to admissibility of murder weapons found by victim's family)). Nevertheless, the general rule is that evidence of allegedly deficient investigative work is inadmissible because it is not a jury's function to "determine whether the government's investigation [was] . . . good or bad." *United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994).

III.   Conclusion

In this case, the FBI conducted a diligent and objective investigation of Defendant's alleged sexual abuse of numerous children. Any speculation about additional investigative measures the agents might have taken is irrelevant and likely to confuse or mislead the jury. There is also nothing about the quality of this investigation

that would undercut the reliability of other trial evidence. Under these circumstances, this Court should preclude Defendant from questioning the FBI agents or otherwise offering any evidence about the quality of the government's pretrial investigation.

Defense counsel has indicated his opposition to this motion.

WHEREFORE, the Court should grant the United States' motion.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed 02/25/2019*

SEAN J. SULLIVAN
HOLLAND S. KASTRIN
Assistant United States Attorneys
Post Office Box 607
Albuquerque, NM 87103
(505) 346-7274

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of February, 2019, I filed the foregoing pleading electronically through the CM/ECF system, which caused the opposing counsel of record to be served by electronic means.