IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 17-2558 MV |
| | ) | |
| vs. | ) | |
| | ) | |
| **ARTHUR PERRAULT**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## UNITED STATES' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF OR IMPEACHMENT BASED ON THIRD-PARTY REPORTS PREPARED BY FBI AGENTS

The United States respectfully moves this Court in limine for an order precluding Defendant from offering any FBI investigative reports as evidence at trial or impeaching any prosecution witnesses with these reports.

I.   Applicable Law

Pursuant to Fed. R. Crim. P. 16(a)(2), "reports, memoranda, or other internal government documents" made by a "government agent in connection with investigating or prosecuting the case are not discoverable" before trial.  However, after a witness testifies for the United States at trial, the prosecution must provide the defense with any statements by the witness that are in the government's possession and relate to the subject

matter of the witness's testimony. 18 U.S.C. § 3500(b).[1] For these purposes, a "statement" means:

> (1)   a written statement made by said witness and signed or otherwise adopted or approved by him;
> (2)   a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement;
>
> (3)   a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

The "primary" purpose of this disclosure rule is to provide the defense with a fair opportunity to impeach the credibility of the prosecution's witness. *United States v. Valdez-Gutierrez*, 249 F.R.D. 368, 373 (D.N.M. 2007) (Parker, J.) (citing *Palermo v. United States*, 360 U.S. 343, 349 (1959); *United States v. Smaldone*, 544 F.2d 456, 462 (10th Cir. 1976)). However, the scope of the rule is limited to the testifying witness's statements only. The United States is not required to disclose a report of a witness interview prepared by an investigator or other third party unless the testifying witness has personally "adopted" the report. *Id*. at 372. This occurs when the testifying witness "either had some part in making" the report or "participated in conducting the underlying investigation and later approved the accuracy of the contents of the . . . report[.]" *Id*.

Similarly, the notes of "prosecutors or other government agents during a pretrial interview of a [testifying] witness" are not statements within the meaning of the rule. *United States v. Smith*, 31 F.3d 1294, 1301 (4th Cir. 1994). They do not need to be

---

[1] Both parties have a similar requirements to produce witness statements under Fed. R. Crim. P. 26.2.

disclosed unless the testifying witness "has reviewed them in their entirety – either by reading them himself or by having them read back to him – and formally and unambiguously approving them – either orally or in writing – as an accurate record of what he said during the interview." *Id*.

Of course, the rule against hearsay generally prohibits a party from offering evidence at trial of any out of court statements offered for their truth. *See* Fed. R. Evid. 802. However, a party may impeach an adverse witness based on prior inconsistent statements. *United States v. Caraway*, 534 F.3d 1290, 1295 (10th Cir. 2008) (citing *United States v. Soundingsides*, 820 F.2d 1232, 1240 (10th Cir. 1987)). Indeed, "[T]he testimony of a witness, after a proper foundation has been laid, may be impeached by showing former declarations, statements, or testimony which are contradictory or inconsistent with the answers given at trial." *Soundingsides*, 820 F.2d at 1240. Nevertheless, trial courts are guided by a "judicial concern about assuring the accuracy of the written account of a witness statement, prepared by someone other than the witness[.]" *Valdez-Gutierrez*, 249 F.R.D. at 373.

II. <u>Argument</u>

In this case, the United States has voluntarily provided Defendant with several FBI reports documenting pretrial interviews with John Doe and others testifying witnesses. Investigators prepared these reports from notes taken during the interviews. These notes were not verbatim recitals of the testifying witnesses' statements. The testifying witnesses did not review the notes or assist in making the reports. The testifying witnesses did not

sign the reports. They did not otherwise adopt or approve the notes or reports in any fashion.

Under these circumstances, this Court should preclude Defendant from offering these reports as evidence at trial, as they are clearly inadmissible under the rule against hearsay. *See* Fed. R. Evid. 702. The Court should also preclude Defendant from attempting to impeach the credibility of these testifying witnesses by showing them the reports or referring to them during cross-examination. To be sure, the rules of evidence allow impeachment of testifying witnesses based on their own prior inconsistent statements. *Caraway*, 534 F.3d at 1295. However, these reports are the statements of the FBI agents, not of the testifying witnesses themselves. *See* 18 U.S.C. § 3500(b). Allowing these reports into evidence or permitting impeachment based on these reports goes completely against the judicial interest in assuring the accuracy of witness statements presented as evidence in court. *See Valdez-Gutierrez*, 249 F.R.D. at 372.

Defendant opposes this motion.

III.     Conclusion

WHEREFORE, the United States motion to preclude should be granted.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

/s
SEAN J. SULLIVAN
HOLLAND S. KASTRIN
Assistant U.S. Attorneys

201 Third St. NW, Suite 900
Albuquerque, NM 87102

I hereby certify that a copy of this
motion was delivered via CM/ECF
to counsel for defendant.
 *filed electronically*
Sean J. Sullivan