IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR No.  17-2558 MV |
| | ) | |
| vs. | ) | |
| | ) | |
| **ARTHUR PERRAULT,** | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION *IN LIMINE* TO ADMIT
## EXCITED UTTERANCE AND PRESENT SENSE IMPRESSION STATEMENTS

The United States of America hereby moves *in limine* for a pre-trial determination of the

admissibility of excited utterance and present sense impression statements made by John Doe 3

concerning the abuse perpetrated on him by Defendant.  As discussed below, these statements

fall within the defined hearsay exceptions for present sense impressions, pursuant to Federal

Rule of Evidence 803(1), and as excited utterances, pursuant to Federal Rule of Evidence 803(2).

## I.        FACTUAL BACKGROUND

Defendant sexually abused John Doe 3 on at least one occasion in a church rectory when

John Doe 3 was about thirteen years old.  *See* Sealed Ex. A (302s for John Doe 3 and his

mother); Sealed Ex. B (excerpt of transcript of testimony by John Doe 3).[1]  At the time, John

Doe 3 was an altar boy at a parish in Albuquerque.  On the day of the abuse, John Doe 3 was

present at the church to assist Defendant with a wedding service.  *See* Sealed Ex. B.  Before the

service occurred, Defendant invited John Doe 3 back to the rectory, where Defendant proceed to

---

[1] While this motion is being submitted without any access restrictions, the exhibits are being filed under seal because they reveal sensitive information about John Doe 3 and others that occurred when John Doe 3 was a minor.  Given the different levels of restriction, the United States will submit the sealed exhibits in a separate filing that will be submitted contemporaneously with this submission of this motion.

kiss John Doe 3, rub John Doe 3's genitals, and unbutton or unzip John Doe 3's pants. *See id*. Immediately following the abuse, John Doe 3 fled in a panic from the church rectory and went to a nearby friend's house. *See id*. Defendant followed John Doe 3, which prolonged the duration of the startling event and added a new cause for panic because "he did not think [he] could keep away from [Defendant]." *Id*. at 46. John Doe 3 described himself as "upset" and "crying and screaming" when he arrived at his friend's house, informed the friend's mother that a priest was chasing him, and asked to call his mother. *Id*. After John Doe 3 was picked up by his mother, he described the abuse to her. *See id*. at 46-47. Later, John Doe 3 accompanied his father to the church to confront Defendant. *Id*. at 49. John Doe 3 estimated that he returned to the church with his father approximately one and a half to two hours following the abuse. *See id*. In addition to telling his parents, on the same day as the abuse occurred, John Doe 3 wrote a description of the abuse. *See id*. at 50-51; Sealed Ex. C (John Doe 3's written description).

## II.    ARGUMENT

A.    THE PROFFERED STATEMENTS ARE ADMISSIBLE UNDER HEARSAY EXCEPTIONS.

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2). Hearsay statements generally are not admissible at trial. *See* Fed. R. Evid. 802. The Federal Rules of Evidence recognize that a number of categories of statements do not constitute hearsay and, therefore, are not barred from admission at trial. *See* Fed. R. Evid. 803.

1.    The Statements Constitute Present Sense Impressions.

Federal Rule of Evidence 803(1) excludes from hearsay a "statement describing or explaining an event or condition, made while or immediately after the declarant perceived it."

Fed. R. Evid. 803(1).  Such statements are not excluded by the rule against hearsay, regardless of the declarant's availability.  *Id.*  The Supreme Court explained the rationale behind this rule of evidence, noting that "[i]n evidence law, we generally credit the proposition that statements about an event and made soon after perceiving that event are especially trustworthy because 'substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation.'"  *Navarette v. Ca.*, 572 U.S. 393, 399-400 (2014) (quoting Advisory Committee's Notes on Fed. Rule Evid. 803(1)).

John Doe 3's disclosure to his friend's mother that he was being chased by a priest, his disclosure to his mother about Defendant's sexual abuse of him, and his written description of the abuse, are admissible as present sense impressions.  The statements describe the abuse and pursuit that John Doe 3 suffered immediately after John Doe 3 perceived Defendant engage in the abusive conduct and observed Defendant following him as he attempted to flee from Defendant. These are the exact type of statements that Rule 803(1) is intended to cover.  *C.f. United States v. Sheets*, 125 F.R.D. 172, 177-78 (D. Utah 1989) (holding that diary entries made in close proximity to the events described were admissible under the residual hearsay exception as reliable and trustworthy statements akin to present sense impressions).

2.    The Statements Constitute Excited Utterances.

In addition to being admissible as present sense impressions, Defendant's statements to his friend's mom and his own mother, as well as his written description of the events that transpired that day, are admissible as excited utterances.  Federal Rule of Evidence 803(2) provides an exception to the general rule of exclusion for excited utterances. An excited utterance is a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2).  The excited-utterance

exception has three requirements: (1) a startling event; (2) the statement was made while the declarant was under the stress of the event's excitement; and (3) a nexus between the content of the statement and the event. *United States v. Ledford*, 443 F.3d 702, 710 (10th Cir. 2005). "The exception proceeds on the theory 'that circumstances may produce a condition of excitement which temporarily stills the capacity for reflection and produces utterances free of conscious fabrication.'" *United States v. Magnan*, 863 F.3d 1284, 1292 (10th Cir. 2017) (quoting Rule 803 advisory committee's note). Notably, the subject matter requirement of Rule 803(2) is more liberal than that of Rule 803(1). Rule 803(1) is limited to statements "describing or explaining an event or conditions." Rule 803(2) enables the admission of statements "relating to a startling event or condition." *People of the Territory of Guam v. Cepeda*, 69 F.3d 369, 372 (9th Cir. 1995).

John Doe 3's disclosures to his friend's mom and his parents, and his memorialization of the abuse meet all three prongs required to qualify as excited utterances. First, there can be no doubt that it a startling event for a minor boy to be sexually abused by his priest and then followed by the abuser-priest when he attempts to flee. This is not mere speculation. Rather, John Doe 3's reaction to this abuse – immediately fleeing from the church, seeking refuge at a friend's house, and contacting his mom -- confirms how startled he was by the abuse and pursuit. *See United States v. Farley*, 992 F.3d 1122, 1123 (10th Cir. 1993) (noting a statement by a young child made the day following molestation could have been admitted as an excited utterance where the child was described as frightened and on the verge of tears at the time of the disclosure); *see also United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir. 1995) (holding a statement made a half hour after an assault occurred qualified as an excited utterance and stating "rather than focusing solely on the time a statement was made, we consider other factors,

4

including the age of the declarant, the characteristics of the event and the subject matter of the statements.")  If the event is sufficiently startling, the period of stress may persist for some time. *See Morgan v. Foretich* 846 F.2d 941, 947 (4th Cir. 1988).

When assessing whether the second condition for an excited utterance exists – whether the declarant was still under the stress of the event –  the court should consider a range of factors, including "(a) the amount of time between the event and the statement, (b) the nature of the event, (c) the subject matter of the statement, (d) the age and condition of the declarant, (e) the presence or absence of self-interest, and (f) whether the statement was volunteered or in response to questioning."  *Magnan*, 863 F.3d at 1292 (internal quotations and citations omitted).  With respect to the passage of time, the Tenth Circuit has caution that "[t]here is no precise amount of time between the event and the statement beyond which that statement cannot qualify as an excited utterance. Admissibility hinges on a statement's contemporaneousness with the excitement a startling event causes, not the event itself."  *Id.* at 1292-93.  These factors support the admission of John Doe 3's statements as excited utterances.  John Doe 3, who was then only approximately thirteen years old, disclosed to his friend's mother that he was being chased by a priest while this pursuit was in process.  He further disclosed to his mother that he had been abused by Defendant as quickly after the event occurred as was possible.  The time lapse between the startling event and declarations was brief – likely a matter of minutes; John Doe 3 had just fled from the scene of the abuse only to realize that his abuser was chasing him.  He described that he was upset and crying and screaming when he arrived at his friend's home.  It was while he was in this state of panic that he told his friend's mother that he was being chased, contacted his mother, and ultimately disclosed the abuse to her.  Furthermore, he volunteered the

statements to his friend's mother and his own mother, without prompting.  Shortly after this, and while still under the stress of the abuse, John Doe 3 wrote down a description of the abuse.

Finally, there is a clear nexus between John Doe 3's statements and the startling events. John Doe 3's statements to his friend's mother and his own mother, as well as his written description, all related to the abuse he suffered that day and the pursuit that followed. Accordingly, the United States submits that the information John Doe 3 provided to his friend's mother, his own mother, and in his written description, were all made in response to a startling event, while still under the stress of the event, and related to the event and, therefore, are admissible as excited utterances.

B.    ADMISSION OF JOHN DOE 3'S STATEMENTS DOES NOT VIOLATE THE DEFENDANT'S RIGHT TO CONFRONTATION.

In *Crawford v. Washington*, a criminal case involving a Confrontation Clause challenge, the United States Supreme Court held that if a hearsay statement was "testimonial" in nature, it could not be introduced at trial, in the absence of the declarant, unless the defendant had a previous opportunity to cross-examine the declarant. *Crawford v. Washington,* 541 U.S. 36 (2004).  Here, the statements are not testimonial.  The statements were made to private individuals and not to law enforcement.  *See United States v. Manfre*, 368 F.3d 832, 838 (8th Cir. 2004) (holding that statements made to family members or acquaintances "are not the kind of memorialized, judicial-process-created evidence of which *Crawford* speaks").   The statements were not testimonial in nature, in that they were informal statements to civilians and not accompanied by any indicia of legal formality.  *See generally Hammon v. Indiana*, decided with *Davis v. Washington*, 547 U.S. 813 (2006).  Even if the statements were testimonial, however, they would remain admissible because the declarant, John Doe 3, will testify at trial in this matter.

### III.    CONCLUSION

WHEREFORE, the United States respectfully requests a pre-trial order authorizing the admission of John Doe 3's statements to his friend's mother, his own mother, and in his written description.  The United States submits that the statements qualify as present sense impressions and excited utterances and do not violate the Confrontation Clause.

Counsel for Defendant indicated that he opposes this motion.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on February 25, 2019*
HOLLAND S. KASTRIN
SEAN J. SULLIVAN
Assistant U.S. Attorneys
P.O. Box 607, Albuquerque, NM 87103
(505) 346-7274

I hereby certify that a copy of this
motion was delivered via CM/ECF
to counsel for defendant.

*filed electronically*
Holland S. Kastrin

7