IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)   CRIMINAL NO. 17-02558-MV-1<br>vs. )<br>)<br>ARTHUR PERRAULT )<br>)<br>Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion *in Limine* to Exclude Defendant's Self-Serving Statements as Inadmissible Hearsay [Doc. 55]. In its Motion, the United States moves for an order *in limine* prohibiting Mr. Perrault from eliciting testimony or otherwise introducing evidence of his own self-serving, out-of-court statements as inadmissible hearsay, Pursuant to Rules 801 and 802 of the Federal Rules of Evidence. In his response, Mr. Perrault argues that pursuant the rule of completeness, he will be entitled to elicit other portions of written or recorded statements offered by the United States at trial [Doc. 59]. *See* Fed. R. Evid. 106. The Court, having considered the Motion, relevant law, and being otherwise fully informed, finds that the United States' Motion is well-taken and will be **GRANTED**.

The United States indicates that it intends to offer evidence at trial of several prior incriminating statements made by Mr. Perrault. Specifically, it has proffered that it will introduce a letter to the mother of John Doe 3, testimony of oral statements to the mother of John Doe 5 and John Doe 6, a letter to New Mexico District Judge Denise Barela Shepard, a letter to the King of Morocco, testimony of oral statements to FBI agents, and testimony of oral statements to employees at the State Department.

The United States argues that, under Rule 801, a prosecution may offer evidence of a defendant's inculpatory statements as non-hearsay admissions by a party-opponent. *See* Fed. R. Evid. 801(d)(2)(A). Doc. 55 at 2. It further argues that a defendant is generally prohibited from offering any evidence of his or her own out-of-court exculpatory statements. *Id*. *See* Fed. R. Evid. 802. While it does acknowledge that under the rule of completeness a defendant may be entitled to elicit other portions of his or her written or recorded statements, it urges that this is a narrow rule that is only intended to prevent misleading the jury by allowing other relevant portions of a statement to clarify or explain portions already admitted. *Id*. at 2-3. The United States requests that the Court precludes Mr. Perrault from offering out-of-court exculpatory statements at trial, either during direct examination or cross-examination, as these statements are inadmissible hearsay. Doc. 55 at 1. The United States also requests that the Court directs Mr. Perrault to seek an admissibility ruling from the Court, outside the presence of the jury, before offering any portions of written or recorded self-serving statements. *Id*. at 3.

In his response, Mr. Perrault requests that the Court reserves ruling on the admissibility issue until the United States introduces its proposed proffer of evidence that it seeks to introduce at trial. Doc. 59 at 1. He argues that if the United States offers portions of his written or recorded statements as evidence at trial, then he will be entitled to elicit other portions of the statements under the rule of completeness. *Id*.

## DISCUSSION

Under Rule 801(d)(2)(A), a statement is not hearsay if it is "offered against an opposing party and was made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). The Advisory Committee Notes provide that for this type of admission, "[n]o

2

guarantee of trustworthiness is required." Fed. R. Evid. 801 advisory committee's note. To be admissible, the statement only needs to be relevant. *Id.* However, a defendant's own out-of-court exculpatory statements are generally prohibited under the rule against hearsay. *See* Fed. R. Evid. 802. The Tenth Circuit has noted that the rule allowing admissions by a party opponent "does not permit self-serving, exculpatory statements made by a party and offered by that same party." *United States v. Larsen*, 175 F.App'x. 236, 241 (10th Cir. 2006).

Under the rule of completeness, if the United States offers a portion of a defendant's own written or recorded statement at trial, he or she may be entitled to elicit other portions of that statement. *See* Fed. R. Evid. 106. Rule 106 states:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.

*Id.* This rule protects against misleading the jury by taking matters out of context. Fed. R. Evid. 106 advisory committee's note. The Tenth Circuit provides guidance, stating that "[t]he purpose of Rule 106 is to prevent a party from misleading the jury by allowing into the record relevant portions of a writing or recorded statement which clarify or explain the part already received." *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) (quoting *United States v. Moussaoui*, 382 F.3d 453, 481 (4th Cir. 2004)). In other words, Rule 106 "functions as a defensive shield" against evidence offered by an opposing party that has the potential of misleading the jury. *Id.* (quoting *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1089 (10th Cir. 2001)).

In order to invoke the rule of completeness, there must be a "misunderstanding or distortion that can be averted only through presentation of another portion" of the written or recorded statement. *United States v. Loya-Medina*, 552 F. App'x 805, 808 (10th Cir. 2014) (quoting *Beech*

3

*Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988)).  This District, citing the Central District of California, has explained that a party may elicit other portions of a statement if the government introduces only a portion of "inextricably intertwined statements," where the statement has a different meaning when read or heard in the context of the other disputed statements than it would on its own.  *Walker v. Spina*, No. CIV 17-0991 JB/SCY, 2019 WL 538458, at *19 (D.N.M. Feb. 11, 2019) (citing *United States v. Castro-Cabrera*, 534 F. Supp. 2d 1156, 1160 (C.D. Cal. 2008)). It is therefore a court's duty to "avoid distortion or misrepresentation" of the admitted statement by allowing the jury the opportunity to determine the meaning in context.  *Id*.

The Tenth Circuit has also clarified that under the rule of completeness, portions of statements that are "neither explanatory of the previously introduced portions nor relevant to the introduced portions" need not be admitted.  *United States v. Wright*, 826 F.2d 938, 946 (10th Cir. 1987) (citing *United States v. Marin*, 669 F.2d 73 (2d Cir. 1982)).  The rule of completeness does not provide a party "a general right to introduce selected statements to try to counter the statements in the proponent's offered segment."  *United States v. Williston*, 862 F.3d 1023, 1038 (10th Cir. 2017).  In *Wright*, the Tenth Circuit noted that it would be "puerile to suggest that if any part of a statement is to be admitted the entire statement must be admitted."  826 F.2d. at 946.

When making a determination as to the admissibility of a disputed portion of a statement, the rule of completeness requires the court to consider whether "(1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence."  *Lopez-Medina*, 596 F.3d at 735 (quoting *United States v. Zamudio*, 141 F.3d 1186, No. 96-2181, 1998 WL 166600, at *5 (10th Cir. Apr. 6, 1998)) (citation omitted).  The Tenth Circuit has also explained that "courts have 'enormous discretion' in applying the rule of completeness."  *United States v. Lemon*, 714

F.App'x. 851, 860 (10th Cir. 2017) (quoting *United States v. Harry*, 816 F.3d 1268, 1280 (10th Cir. 2016)).

Therefore, the Court finds that Mr. Perrault will not be entitled to elicit his own out-of-court, exculpatory statements unless fairness requires that they are considered at the same time as the United States' admitted statements. *See* Fed. R. Evid. 106.  Any determinations of admissibility of self-serving statements proffered by Mr. Perrault will take place outside the presence of the jury.

**IT IS THEREFORE ORDERED** that United States' Motion *in Limine* to Exclude Defendant's Self-Serving Statements as Inadmissible Hearsay is **GRANTED**.

DATED this 4th day of March, 2019.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE