IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 17-02558-MV-1 |
| vs. | ) | |
| ARTHUR PERRAULT | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defense's Opposed Motion for *Daubert* Hearing [Doc. 39]. In his Motion, Mr. Perrault requests that the Court conduct a *Daubert* hearing with respect to the United States' proposed expert, Dr. Gail S. Goodman. In its Response [Doc. 42], the United States requests that the Court deny Mr. Perrault's Motion for a *Daubert* hearing [Doc. 42]. In his Reply [Doc. 47], Mr. Perrault renews his request for a *Daubert* hearing in order to address the proposed expert testimony of Dr. Goodman. Having considered the Motion, relevant law, and being otherwise fully informed, the Court finds that Mr. Perrault's Motion is not well-taken and that a *Daubert* hearing is not warranted. Accordingly, the Motion will be **DENIED**.

### **BACKGROUND**

The United States filed a Notice of Intent to Offer Expert Testimony of child psychologist, Dr. Gail S. Goodman [Doc. 33]. Dr. Goodman received her B.A., M.A., and a Ph.D. in Developmental Psychology from the University of California, Los Angeles. Doc. 33-1 at 1. She is currently the Distinguished Professor of Psychology at the University of California, Davis and previously served as president of the American Psychology Law Society (Division 41) and the

American Psychological Association (Division 7). *Id*. at 1-2. She is a consultant for the Special Assault Forensic Evaluation Center of the Sacramento County Child Protective Services, has consulted with governments and agencies around the world on issues concerning child victims in the legal system, and has served as an expert in cases before the Supreme Court of the United States. *Id*.

The United States posits that based on Dr. Goodman's knowledge, skill, training, research, and experience related to child sexual abuse, she is qualified to provide expert testimony in ten distinct areas relating to victim behaviors, reactions, and characteristics. *Id*. at 2-4. She would additionally offer evidence regarding delayed disclosure of abuse by child sexual assault victims, disclosure over time and in a piecemeal fashion, later attempts to recant or deny prior statements, triggering events or life changes that may impact delayed disclosure of abuse, and passive compliance by victims as well as conflicting feelings towards the offender. *Id*. Furthermore, she would testify about offender characteristics, including methods of grooming, influencing, persuading, coercing, forcing, threatening, or inducing victims into engaging in sexual acts. *Id*. at 4. The United States asserts that it reserves the right to elicit testimony "regarding other matters that may be raised during cross-examination" based on evidence introduced by Mr. Perrault or testimony elicited from his experts. *Id*. at 5.

Mr. Perrault requests a *Daubert* hearing in order to address the proposed expert testimony of Dr. Goodman. *See* Doc. 39. He argues that Dr. Goodman will not be able to confirm or validate the allegations set forth in the Indictment, so the Court should address whether her testimony is admissible. *Id*. at 1. However, Mr. Perrault does not provide any legal authority in support of his argument.

In response, the United States directs the Court to consider Rule 702 of the Federal Rules of Evidence, stating that an expert whose testimony is both reliable and relevant may testify "in the form of an opinion or otherwise." Doc. 42 at 3 (citing Fed. R. Evid. 702; *United States v. Neris*, Cr. No 10-2604 MV, 2012 WL 13081447, at *1 (D.N.M. Feb. 17, 2012) (Vazquez, J.)). The United States points out that other courts have permitted testimony of child psychologists as expert witnesses in sexual abuse cases. *Id*. at 4. Specifically, child psychologists have been allowed to testify about "general behavior characteristics" of victims. *Id*. The United States also discusses the Court's "gatekeeper function," and the wide latitude it has in determining the reliability and admissibility of expert testimony. *Id*. at 5. Most germane to the instant matter, the United States argues that the trial court is not required to hold "reliability" proceedings where the reliability of an expert's methods is not in dispute or called into question. *Id*. (citing *United States v. Velarde*, 214 F.3d 1204, 1209 (10th Cir. 2000) (citation omitted)).

The United States further argues that, contrary to Defense's assertions, Dr. Goodman is not a fact witness and is not permitted to offer her opinion about either John Doe's truthfulness or Mr. Perrault's guilt. *Id*. The United States notes that the expert's opinion may not "invade the province of the jury in determining guilt." *Id*. at 3. Rather, it intends only to offer her testimony regarding "general characteristics of sexual abuse victims, including delayed disclosure, that are relevant to Defendant's case." *Id*. at 6. With respect to reliability, the United States argues that Dr. Goodman is clearly an expert in the field, and highlights that Mr. Perrault does not dispute her expertise or reliability. *Id*. The United States further argues that her testimony is relevant because child psychology as it relates to sexual abuse victims is "beyond the ken of the average juror." *Id*. (citing *United States v. Michael*, Cr. No 06-1833, 2007 WL 9657855, at *3 (D.N.M. Nov. 15, 2007)(Armijo, J.)). It argues that her specialized knowledge will help the jury better

understand the evidence and allow the jury to determine whether John Doe is credible and whether Mr. Perrault is guilty based on John Doe's testimony and other evidence. *Id*. at 7.

The United States ultimately argues that a *Daubert* hearing is not necessary because the proffered testimony is not new or novel. *Id*. (citing *United States v. Nichols*, 169 F.3d 1255, 1263 (10th Cir. 1999)). Because Mr. Perrault has not sufficiently called into question Dr. Goodman's "qualifications, facts, data, principles, or methods," and he has not raised any arguments in favor of excluding her testimony based weighing its probative value against any Rule 403 dangers, the United States requests that the Court deny Mr. Perrault's Motion for a *Daubert* hearing. *Id*. at 7-8.

In his Reply, Mr. Perrault does not dispute that qualified psychologists are often permitted to testify as experts in sexual abuse cases, but urges the Court to exercise its gatekeeping function in this case. Doc. 47 at 1. He argues that Dr. Goodman's expert testimony should be limited to the issue of "delayed disclosure" alone and renews his request for a *Daubert* hearing to address the proposed expert testimony. *Id*.

## DISCUSSION

**I. Legal Standard**

Rule 702 of the Federal Rules of Evidence governs testimony by expert witnesses. It permits an expert who is qualified by knowledge, skill, experience, training, or education to testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court

announced four factors for a trial judge to consider in assessing the relevance and reliability of evidence under Rule 702: testing, peer review, error rates, and general acceptance. 509 U.S. 579 (1993); *see also Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 141 (1999). The Court emphasized that the inquiry under Rule 702 is meant to be a flexible one, focused on principles and methodology rather than the conclusions that are generated. *Id*. at 595-96. The trial court judge is responsible for maintaining a gatekeeping role, ensuring that an expert's testimony is both reliable and relevant. *Id*. at 597. The Supreme Court later, in *Kumho Tire Co., Ltd. v. Carmichael*, extended the holding in *Daubert* such that the trial judge's gatekeeping function applies not only to testimony based on scientific knowledge but also to testimony based on technical and other specialized knowledge. 526 U.S. 137, 141 (1999).

To be admissible under Rule 702, evidence must be both relevant and reliable. *Daubert*, 509 U.S. at 589. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. In the context of Rule 702, the expert must provide testimony based on his or her specialized knowledge that is "beyond the ken of the average juror." *Michael*, 2007 WL 9657855, at *3 (quoting *United States v. Tapia-Ortiz*, 23 F.3d 738, 740-41 (2d Cir. 1994)). Thus, the expert must be able to "help the trier of fact to understand evidence or determine a fact in issue." Fed. R. Evid. 702.

With respect to reliability, the *Kumho* Court reiterated that the test is a flexible one, and held that a trial court has "the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Id*. at 141-42. The factors announced in *Daubert* are not a "definitive checklist or test," but rather they should guide the trial judge in determining whether expert testimony is reliable. *Id*. at 150-52. In making a reliability determination, a trial judge has "broad latitude." *Id*. at 153.

However, the determination as to whether the testimony has a "reliable basis in the knowledge and experience of [the relevant] discipline" is only required where the factual basis, data, principles, methods, or application "are called sufficiently into question." *Id*. at 149. In other words, the trial judge has the discretionary authority to "avoid unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted." *Id*. at 152; *see also Velarde* 214 F.3d at 1209. As follows, the Tenth Circuit has found that there was no abuse of discretion where the trial court declined to hold a preliminary evidentiary hearing where the disputed evidence did not involve "new scientific theory and the testing methodologies [were] not new or novel." *United States v. Nichols*, 169 F.3d 1255, 1263 (10th Cir. 1999). Despite the discretion to choose the manner of testing reliability, the Tenth Circuit has made clear that the trial court must "make *some* kind of reliability determination" on the record. *Velarde*, 214 F.3d at 1209.

The Tenth Circuit has held that in the context of child sexual abuse cases, experts that are properly qualified may be allowed to testify as to their opinion on whether the evidence is consistent or inconsistent with the allegations of sexual abuse, or regarding "characteristics of sexually abused children" more generally, including a description of the "characteristics the alleged victim exhibits." *United States v. Charley*, 189 F.3d 1251, 1264 (10th Cir. 1999); *see also United States v. Koruh*, 210 F.3d 390, *2 (10th Cir. 2000). In *Charley*, the Tenth Circuit found that there was no abuse of discretion by the district court allowing the expert's "general and conditional" opinions. *Id*. Other courts have permitted testimony concerning general characteristics of sexually abused children that was limited to "a discussion of a class of victims generally." *United States v. Antone*, 981 F.2d 1059, 1061-62 (9th Cir. 1992).

However, an expert may not comment on the credibility of the victim in the case. *See Charley*, 189 F.3d at 1267. Expert testimony regarding the credibility of another witness is generally impermissible as it invades the jury's "vital and exclusive function to make credibility determinations." *Id*. Rather than "assist[ing] the trier of fact" as required by Rule 702, this would "usurp a critical function of the jury." *United States v. Magnan*, Cr. No. 17-8026, 2018 WL 6252869, at *3 (10th Cir. Nov. 28, 2018) (Eid, J.) (citation omitted). Expert testimony that merely vouches for another witness's truthfulness is not permissible. *Velarde*, 214 F.3d at 1211. In the context of sexual abuse, an expert's opinion that the abuse did or did not occur based on the alleged victim's statements is impermissible, as that goes to the credibility of the alleged victim. *Charley*, 189 F.3d at 1267. "As a general matter, expert witnesses may not usurp the jury's factfinding role in determining which version of events is more credible." *Michael*, 2007 WL 9657855 at *3.

**II. Analysis**

Based on Dr. Goodman's background provided by the United States, the Court finds that her expert testimony is admissible under Rule 702. Given her extensive education and professional experience [Doc. 33-1], it is clear that her "specialized knowledge will help the trier of fact to understand evidence or to determine a fact in issue." Fed. R. Evid. 702. Her 67-page *curriculum vitae* demonstrates that her specialized knowledge is undoubtedly "beyond the ken of the average juror." *See Michael*, 2007 WL 9657855, at *3. Therefore, her testimony will be relevant to the issues in this case.

Furthermore, based on her experience and extensive research into the effects of sexual abuse on child victims, the Court finds that she is qualified in the area of child psychology. Much of her research, dating back to 1977, has centered around child sexual abuse, including topics

concerning memory and testimony in court by child abuse victims. *See* Doc. 33-1 at 4-12. It is clear that her testimony would be "based on sufficient facts or data" and would be "the product of reliable principles" as required by Rule 702. Fed. R. Evid. 702. Based on Dr. Goodman's education, research, and experience, and the United States' proffered topics on which Dr. Goodman will testify, the Court does not find that a preliminary reliability hearing is required in this case. *See Kumho*, 526 U.S. at 149, 152.

Dr. Goodman's proffered testimony will concern issues such as delayed disclosure of abuse by victims as well as victim behavior, reactions, and characteristics. She may also testify as to offender characteristics. As such, her testimony falls within the permissible parameters of general victim characteristics that has been allowed by courts, including in the Tenth Circuit. *See Charley*, 189 F.3d at 1264; *see also Antone*, 981 F.2d at 1061-62; *United States v. Bighead*, 128 F.3d 1329, 1331 (9th Cir. 1997) (finding no "improper buttressing" where the expert's testimony only referred to "a class of victims generally"). There has been no indication that the United States intends to offer expert testimony on impermissible topics such as credibility of the victim, or whether the abuse occurred based on the victim's statements. Nothing regarding Dr. Goodman's proffered testimony suggests that it will impinge on the role of the jury.

Mr. Perrault does not disagree that qualified psychologists are frequently permitted to testify as expert witnesses in sexual abuse cases. Doc. 47 at 1. Moreover, he does not dispute that Dr. Goodman is a qualified expert. Rather, he argues that if she is permitted to testify, the Court should limit her testimony to the issue of "delayed disclosure." *Id*. However, he does not provide a basis for this argument. As Mr. Perrault has not sufficiently called into question Dr. Goodman's qualifications as an expert in this case, based on her knowledge, skill, training, research, and experience, the Court finds that she is qualified to provide expert testimony regarding

8

all proffered topics. *See* Doc. 33 at 3-4.

**IT IS THEREFORE ORDERED** that Mr. Perrault's Motion for *Daubert* Hearing is **DENIED**.

DATED this 4th day of March, 2019.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE