IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 17-02558-MV-1 |
| vs. ) | |
| ) | |
| ARTHUR PERRAULT ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Motion to Preclude Expert Testimony of Dr. Mark Chambers [Doc. 70]. In the Motion, the United States moves the Court to preclude the proffered testimony of proposed expert witness for Mr. Perrault, Dr. Mark J. Chambers. Doc. 70 at 1. Having considered the Motion, relevant law, and being otherwise fully informed, the Court finds that a *Daubert* hearing is necessary to determine whether Dr. Chambers is qualified to testify as an expert witness in this case.

**BACKGROUND**

On February 8, 2019, Mr. Perrault filed a Notice of Intent to Offer Expert Testimony of an expert in clinical and forensic psychology, Dr. Mark J. Chambers [Doc. 67]. Dr. Chambers received his B.A. and M.A. at Stanford University, followed by a Ph.D. in clinical psychology from Northwestern University. Doc. 67-1 at 1. Since 1999, he has been in private practice, working with both children and adults. In addition to his clinical experience which dates back to 1986, he has taught at the University of Nevada-Las Vegas and at the Pacific Graduate School of Psychology. He has also served as Director of Legal Psychology Consulting, Clinical Supervisor at the Pacific Graduate School of Psychology, and a Research Associate at the Leo Burnett

Company.

Based the information contained in Dr. Chambers' *curriculum vitae*, Mr. Perrault asserts that Dr. Chambers is qualified to provide expert testimony in two main areas. First, he will offer testimony regarding the fundamental tenets of human memory and the factors that influence the reliability of memory, including the passage of time, interference from external sources, personal biases and prejudices, internal self-schemas, and internal motivations and rewards, types of memory inconsistencies that are not in line with expected memory errors. Doc. 67 at 1-2. Second, he will offer testimony regarding the motives and circumstances typically associated with false sexual abuse allegations, including deflection and personal gain. *Id*. at 2. Mr. Perrault further asserts that Dr. Chambers reserves the right to modify his opinions and conclusions based upon new facts, as well as the right to elicit testimony regarding other matters based on testimony provided by the United States' expert or other witnesses, including Mr. Perrault. *Id*.

In its Motion, the United States requests that the Court preclude the proffered testimony of Dr. Chambers pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as well as other testimony from Dr. Chambers on the ultimate issue of the case pursuant to Rule 704 of the Federal Rules of Evidence. Doc. 70 at 1. The United States argues that Mr. Perrault has not satisfied the requirements under Rule 702 to establish that Dr. Chambers is qualified as an expert on the subject matter of the proffered testimony. *Id*. at 2. The United States argues that Mr. Perrault has not provided the Court sufficient information to allow it to make an admissibility determination under Rule 702 and *Daubert*. *Id*. In support of this argument, the United States points out that Mr. Perrault has not provided the Court with any of Dr. Chambers' specific qualifications with respect to memory. *Id*.

The United States also argues that portions of Dr. Chambers proffered testimony may be impermissible pursuant to Rule 702 if it is offered to challenge the veracity of John Doe, as witness credibility is not an appropriate subject for expert testimony. *Id*. at 3. The United States posits that Mr. Perrault's Notice of Intent does not provide the Court with sufficient information to determine whether the content of the proffered testimony would be admissible. *Id*.

Finally, the United States argues that, pursuant to Rule 704, Dr. Chambers should not be permitted to offer opinion testimony on the ultimate issue of the case. *Id*. Based on these arguments, the United States moves the Court to preclude the testimony of Mr. Perrault's proposed expert witness, Dr. Chambers. *Id*. at 4.

## DISCUSSION

### I. Legal Standard

Rule 702 of the Federal Rules of Evidence governs testimony by expert witnesses. It permits an expert who is qualified by knowledge, skill, experience, training, or education to testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court announced four factors for a trial judge to consider in assessing the relevance and reliability of evidence under Rule 702: testing, peer review, error rates, and general acceptance. 509 U.S. 579; *see also Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 141 (1999). The Court emphasized that the inquiry under Rule 702 is meant to be a flexible one, focused on principles and methodology rather than the conclusions that are generated. *Id*. at 595-96. The trial court judge

is responsible for acting as a gatekeeper, ensuring that an expert's testimony is both reliable and relevant. *Id*. at 597. The Supreme Court later, in *Kumho Tire Co., Ltd. v. Carmichael*, extended the holding in *Daubert* such that the trial judge's gatekeeping function applies not only to testimony based on scientific knowledge but also to testimony based on technical and other specialized knowledge. 526 U.S. 137, 141 (1999).

To be admissible under Rule 702, evidence must be both relevant and reliable. *Daubert*, 509 U.S. at 589. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. In the context of Rule 702, the expert must provide testimony based on his or her specialized knowledge that is "beyond the ken of the average juror." *Michael*, 2007 WL 9657855, at *3 (quoting *United States v. Tapia-Ortiz*, 23 F.3d 738, 740-41 (2d Cir. 1994)). Thus, the expert must be able to "help the trier of fact to understand evidence or determine a fact in issue." Fed. R. Evid. 702.

With respect to reliability, the *Kumho* Court reiterated that the test is a flexible one, and held that a trial court has "the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Id*. at 141-42. The factors announced in *Daubert* are not a "definitive checklist or test," but rather they should guide the trial judge in determining whether expert testimony is reliable. *Id*. at 150-52. In making a reliability determination, a trial judge has "broad latitude." *Id*. at 153.

The Tenth Circuit has held that in the context of child sexual abuse cases, experts that are properly qualified may be allowed to testify as to their opinion on whether the evidence is consistent or inconsistent with the allegations of sexual abuse, or regarding "characteristics of sexually abused children" more generally, including a description of the "characteristics the alleged victim exhibits." *United States v. Charley*, 189 F.3d 1251, 1264 (10th Cir. 1999); *see*

4

*also United States v. Koruh*, 210 F.3d 390, *2 (10th Cir. 2000).  In *Charley*, the Tenth Circuit found that there was no abuse of discretion by the district court allowing the expert's "general and conditional" opinions.  *Id*.  Other courts have permitted testimony concerning general characteristics of sexually abused children that was limited to "a discussion of a class of victims generally."  *United States v. Antone*, 981 F.2d 1059, 1061-62 (9th Cir. 1992).

However, an expert may not comment on the credibility of the victim in the case.  *See Charley*, 189 F.3d at 1267.  Expert testimony regarding the credibility of another witness is generally impermissible as it invades the jury's "vital and exclusive function to make credibility determinations."  *Id*.  Rather than "assist[ing] the trier of fact" as required by Rule 702, this would "usurp a critical function of the jury."  *United States v. Magnan*, Cr. No. 17-8026, 2018 WL 6252869, at *3 (10th Cir. Nov. 28, 2018) (Eid, J.) (citation omitted).  Expert testimony that merely vouches for another witness's truthfulness is not permissible.  *Velarde*, 214 F.3d at 1211.  In the context of sexual abuse, an expert's opinion that the abuse did or did not occur based on the alleged victim's statements is impermissible, as that goes to the credibility of the alleged victim.  *Charley*, 189 F.3d at 1267.  "As a general matter, expert witnesses may not usurp the jury's factfinding role in determining which version of events is more credible."  *Michael*, 2007 WL 9657855 at *3.

Finally, under Rule 704, an expert witness in a criminal case may not "state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense."  Fed. R. Evid. 704.  Those issues are to be determined by the trier of fact alone.  *Id*.

## II. Analysis

Based on Dr. Chambers' background as provided by Mr. Perrault, the Court finds that a *Daubert* hearing is necessary in order to determine whether his expert testimony will be admissible under Rule 702. The *curriculum vitae* provided by Mr. Perrault does not provide the Court with sufficient information to make a determination as to Dr. Chambers' qualifications as an expert to testify on the proffered subjects. *See* Doc. 67-1.

While his experience indicates that he has conducted over 2,000 forensic evaluations and that he is qualified as an expert witness in state, federal, and military courts, as the United States points out, there is no indication as to the nature or subject matter of these evaluations or qualifications. Doc. 67-1 at 1. The *curriculum vitae* lays out numerous areas of expertise, but fails to substantiate specific qualifications in these areas. *Id*. Rather, the descriptions of his clinical experience are vague and do not qualify him in the specific subject areas of his proffered testimony. For example, his experience includes "assessment of patients," "interpretation of test data," "psychological testing," and "clinical research," but does not specify how this experience qualifies him as an expert in clinical and forensic psychology as it relates to memory or motives in the context of sexual abuse allegations. *Id*. at 2.

Without any more specific information regarding Dr. Chambers' qualifications, the Court is unable to make a determination as to whether his testimony will be relevant and reliable as required by *Daubert*. 509 U.S. at 589. It is not clear from the information provided that he has "specialized knowledge" that will "help the trier of fact to understand evidence or to determine a fact in issue" as required under Rule 702. Fed. R. Evid. 702. It is also not clear from his *curriculum vitae* that his testimony will be "based on sufficient facts or data" or that his opinions will be "the product of reliable principles and methods" with respect to the specific topics of

proffered testimony. *Id*. The Court is not able to determine, based on the information provided, that Dr. Chambers' testimony will have a "reliable basis in the knowledge and experience of [the relevant] discipline." 526 U.S. at 149. Accordingly, the Court will require a hearing to determine the basis and reliability of Dr. Chambers' proffered testimony.

Furthermore, the Court must ensure that the proffered testimony does not concern impermissible subject matters such as victim credibility. *See Charley*, 189 F.3d at 1267. Therefore, Dr. Chambers testimony regarding memory and motives may not be offered to prove or disprove the truthfulness of John Doe's testimony and whether, in his opinion, the abuse occurred. *Id*.

Finally, pursuant to Rule 704, Dr. Chambers will not be permitted to testify as to his opinion regarding whether Mr. Perrault had a mental state or condition that constitutes an element of the crime charged. Fed. R. Evid. 704. As indicated by Rule 704, "[t]hose matters are for the trier of fact alone. *Id*.

**IT IS THEREFORE ORDERED** that the Court will hold a *Daubert* hearing with respect to Mr. Perrault's proposed expert witness, Dr. Chambers, to determine the admissibility of his proffered testimony.

DATED this 4th day of March, 2019.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE