IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

                                                          No. CR 18-2558-MV

ARTHUR PERRAULT,

    Defendant.

## ORDER DENYING
## MOTION TO CONTINUE TRIAL

        THIS MATTER comes before the Court on the Defendant's Opposed Motion for Leave to File Motion to Continue April 1, 2019, Trial Setting and February 25, 2019 Motions Deadline. The Court having reviewed the Motion (Doc. 78), the attached proposed Opposed Motion to Continue (Doc. 78-1), and the United States' Combined Response (Doc. 80), finds that good cause has not been shown and hereby **GRANTS** the Motion for Leave to File Motion to Continue (Doc. 78) and **DENIES** the Opposed Motion to Continue (Doc. 78-1), for the following reasons:

        1.      Defense counsel does not identify any reason for his failure to submit a Motion to Continue by the Court-imposed deadline, only apologizes for failing to comply with the deadline.

        2.      Defense counsel states that the government emailed him and advised that additional discovery would be available on February 22nd, that he picked up the discovery on February 23rd and has not had time to review the discovery with the defendant or conduct an investigation to address any possible motions. The Government responded that the discovery produced was only 50 pages. Although the defense Motion was filed on March 1st, after having

at least five days to review the discovery, defense counsel does not give any further explanation of what further investigation is necessary or what possible motions might be filed.

3. Defense counsel states that he intends to introduce the testimony of FBI Agent Leroy Chavez and that additional time is necessary to subpoena Agent Chavez since the United States has indicated that they will not call him as a witness at trial and the United States has advised him to "begin the Toughy (sic) process." Defense counsel does not give any further explanation of how long it will take to subpoena Agent Chavez or what the United States requires for the "Toughy" (sic) process.

4. Defense counsel states that he was advised by the United States' on February 25, 2019, that they intend to introduce a hand-written letter by an alleged victim, and that he intends to retain the services of a hand-writing expert. The Government responded that the actual letter was disclosed on January 11, 2019, and that defense counsel knew that the alleged victim would be a possible trial witness in November, 2018. Defense counsel does not give any further explanation of why he needs a hand-writing expert or what the proposed expert would be examining or comparing.

5. Defense counsel states that his proposed expert, Dr. Mark Chambers, will not be available to testify during the week of April 1, 2019. The Court notes that the Notice of Trial in this matter was filed on February 8, 2019, and the filing of the Motion to Continue on March 1st, is the first notification that the Court has received of a conflict. Additionally, the case is currently scheduled for a three-week trial, and Defendant's case would not likely start until at least the week of April 8, 2019.

FOR THE FOREGOING REASONS, the Court finds that there is insufficient cause in the Motion to comply with *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), which

addresses the ends-of-justice exception to the Speedy Trial Act, that Motions to Continue "*must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time*."

IT IS THEREFORE ORDERED that the Defendant's Motion to Continue [Doc. 78-1] is DENIED. The Defendant is further ordered to check with his expert witness, Dr. Mark Chambers, and provide dates of availability for the expert's testimony during the week of April 8, 2019.

Dated this 5th day of March, 2019.

_____
MARTHA VÁZQUEZ
United States District Judge