IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.	Case No. CR 17-2558

ARTHUR PERRAULT,

        Defendant.

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR EARLY PRODUCTION OF BRADY/GIGLIOAND JENCKS ACT MATERIALS TO PREPARE FOR TRIAL AND FORMAL REQUEST TO COMPEL PRODUCTION OF DISCOVERY**

    Defendant ARTHUR PERRAULT , by and through counsel of record, Samuel L. Winder, Romero & Winder, P.C., renews his argument requesting the Court issue an Order requiring the government provide early production of early production of Brady/Giglio and Jencks Act materials and discovery.

    On March 1, 2019, undersigned counsel filed a motion for early production of Brady/Giglio and Jencks Act Materials to Prepare for Trial and Formal Request to Compel Production of Discovery (Doc. 77-1). On the same date, the Honorable United States District Judge Martha Vazquez Ordered that undersigned counsel submit a brief in support of its motion.

**INTRODUCTION**

    This matter is unprecedented regarding a federal prosecution in the District of New Mexico. Upon information and belief, this is the first time that a former Catholic Priest has been prosecuted in the United States District Court for the District of New Mexico. Mr. Perrault submits that the United States withheld material and exculpatory information that has been the

subject of several pleadings filed by the United States and Mr. Perrault.  The goal of a trial should be to determine the truth.  In order to hide the truth from the jury, the United States has informed Mr. Perrault that it will not call Special FBI Agent Leroy Chavez who conducted the June 29, 2017 interview that involved material and exculpatory information that the United States did not provide to the Mr. Perrault until after it was requested.

Given that the United States did not provide exculpatory evidence and does not intend to call a key FBI Agent as a witness, it is critical to determine what other information was provided to the grand jury.  At this time, Mr. Perrault does not know the witness or witnesses the United States called as a witness or witnesses to the grand jury.

In addition, the United States seeks to introduce the testimony of several alleged victims.  Assuming these individuals submitted sworn testimony to the federal grand jury, it is important to access their proposed testimony.

With regard to the civil complaints and amount of settlements, the United States has provided discovery, including depositions and FD-302s related to civil cases for certain alleged victims. In addition, the United States has set forth the amount of settlements some of the alleged victims obtained.[1] With regard the amount of settlement not previously disclosed, Mr. Perrault withdraws his request.   Due to a non-disclosure agreement, Mr. Perrault cannot obtain the complaints. Importantly, the civil complaints will provide information regarding the allegations.  Mr. Perrault should have an opportunity to access the civil complaints prior to trial.

---

[1] The discovery has set forth that John Doe received a settlement of $500,000 for his case against the Archdiocese of Santa Fe.

MOTION FOR EARLY PRODUCTION OF BRADY/GIGLIO AND JENCKS ACT MATERIALS

**ANALYSIS**

**Brady/Giglio and Jencks Act**

The quest for the truth is the foundation for a trial. Accordingly, the purpose of a trial is not a "game of blindman's bluff." *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 683 (1958). The rules governing the disclosure of exculpatory materials to the defense are extremely important to ensure fairness and respect for the integrity of judicial proceedings. *See generally Symposium, Discovery in Federal Criminal Cases*, 33 F.R.D. 53-128 (1963). Moreover, constitutional due process requires the government disclose all exculpatory materials in its possession to the defense, which includes matters which could be used to impeach other witnesses. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972). The *Brady* rules is not merely "a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 376 F.2d 626, 630 (5th Cir. 1978).

<u>Grand jury testimony of FBI Agents</u>

In this case, the United States *did not* provide material and exculpatory information to Mr. Perrault, specifically the FD-302 associated with a June 2017 interview. The United States is keenly aware that Mr. Perrault will cross-examine John Doe regarding information set forth during the June 2017 interview. Mr. Perrault will also address this matter with two witnesses that the United States has indicted that *they will not call as witnesses*. [2] Mr. Perrault is in the complete dark regarding of the grand jury testimony that was elicited. It is presumed that the United States introduced the testimony of one or more FBI Agents to the federal grand jury.

---

[2] One of those witnesses is FBI Special Agent Leroy Chavez. Undersigned emailed the Assistant United States Attorneys in this mater regarding Agent Chavez. They have indicated they will not call him as a witness and will require the defense to go through the cumbersome bureaucratic process of securing his testimony. The defense will also call D.P. as a witness, the subject of the June 2017 interview.

MOTION FOR EARLY PRODUCTION OF BRADY/GIGLIO AND JENCKS ACT MATERIALS

That testimony is critical to access.  If FBI Agent submitted grand jury testimony it is important to review his sworn testimony.

<u>Grand jury testimony of John Doe and John Does 2-9.</u>

Assuming John Doe provided federal grand jury testimony their testimony must also be accessed with regard to any civil complaints.   If there are any discrepancies this could be material and exculpatory.

**<u>Civil complaints</u>**

Mr. Perrault reserves his rights regarding his defense.  However, the civil complaints and for John Doe and the other 9 persons is relevant and probative.  Specifically, the specific allegations in the civil complaints are relevant.

The rules of evidence contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence. *Train v. City of Albuquerque*, 629 F.Supp.2d 1243, 1247 (D.N.M. 2009) (Browning, J.).  "Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  *United States v. Gutierrez-Castro*, No. Cr. 10-2072 JB, 2011 WL 350321, at *3 (D.N.M. Aug. 6, 2011)(Browning, J.) "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action").  "Rule 401 contains a low threshold for relevance, '[a]ny more stringent requirement is unworkable and unrealistic." *United States v. Goxcon-Chagal,* 885 F.Supp.2d 1118, 1162 (D.N.M. 2012) (Browning, J.)

Mr. Perrault moves this Court for an Order compelling the government to disclose and divulge to him all potentially favorable evidence, including but not limited to, all statements or

MOTION FOR EARLY PRODUCTION OF BRADY/GIGLIO AND JENCKS ACT MATERIALS

grand jury testimony of witnesses. The requests herein are extremely important to effective and efficient preparation of trial defenses and are made under *Brady v. Maryland,* 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976) and *United States v. Giglio,* 405 U.S. 150 (1972) and the *Jencks* Act, 18 U.S.C. 3500. The timing of when the requested information is disclosed will have an impact on the investigation of this matter and could delay the scheduled trial in this matter.

The United States has provided information in various FD-302s regarding the civil lawsuits regarding the alleged victims in this case. However, Mr. Perrault also formally requests that the government provide all the civil complaints regarding all the alleged victims that it intends to call as witnesses in this matter. However, Mr. Perrault also formally requests that the government provide all the civil complaints regarding all the alleged victims that it intends to call as witnesses in this matter.

WHEREFORE, Mr. Perrault requests this Court enter an order requiring the government to disclose Brady/Giglio and Jencks Act material at least one 2 weeks in advance of trial. Furthermore, Mr. Perrault requests the United States provide discovery regarding all the civil complaints associated with all their witnesses.

Respectfully submitted,

/s/ Samuel. L. Winder

Samuel L. Winder, Esq.
Attorney for Defendant Arthur Perrault
Romero & Winder, P.C.
1905 Lomas Blvd. NW
Albuquerque, NM 87102
(505) 843-9776

MOTION FOR EARLY PRODUCTION OF BRADY/GIGLIO AND JENCKS ACT MATERIALS

I HEREBY CERTIFY that on the 5th day of March 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Holland S. Kastrin, Assistant United States Attorney
Sean J. Sullivan, Assistant United States Attorney

/s/ Samuel L. Winder
Samuel L. Winder