IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cr. No.   17-2558 MV |
| vs. | ) | |
| | ) | |
| ARTHUR PERRAULT, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' OBJECTION TO DEFENDANT'S WITNESSES**

The United States hereby submits the following objections to the witnesses identified on

Defendant's Witness List, filed on March 4, 2019.   Doc. 89.

Pursuant to Federal Rules of Evidence 401 and 402, only relevant evidence is admissible

at trial.   Fed. R. Evid. 401-02.   Relevant evidence is evidence having any tendency to make a

fact that is of consequence to the determination of the action more probable or less probable than

it would be without the evidence.   Fed. R. Evid. 401. Furthermore, even if relevant, evidence

may be exclude from trial by the Constitution, a statute, or a federal rule.   Fed. R. Evid. 402.

(1) Richard Baca

Defendant has designated his investigator, Richard Baca, as a witness in this matter.   The

only material that Defendant has disclosed to the United States concerning Mr. Baca is a

summary of an interview that Mr. Baca conducted of Dan Paulos, another one of Defendant's

identified witnesses.   Defendant has indicated that he does not intend to have Mr. Baca testify

about what Mr. Baca heard Mr. Paulos say during this interview, as this would be hearsay.   The

United States has no other information indicating that Mr. Baca has relevant admissible evidence

1

concerning the matters at issue in this case.   For that reason, the United States objects to

Defendant calling Mr. Baca as witness.   Alternatively, to clarify whether Mr. Baca possesses

any relevant evidence justifying his testimony at trial, the United States requests that the Court

require the Defendant to submit a proffer of evidence outlining the relevance and admissibility of

his testimony or allow the United States to conduct a voir dire of the witness outside the presence

of the jury prior to his anticipated testimony.

(2) Former FBI SA Leroy Chavez

Defendant has submitted a *Touhy* request to the Department of Justice in which he

indicates that he intends to call former FBI SA Leroy Chavez to testify about statements made to

the former FBI agent by Dan Paulos.   According to Defendant, he intends to elicit testimony

that Mr. Paulos stated to Mr. Chavez that no bed was located in a place that John Doe 1 claimed

he was abused on a bed.   The United States submits that this proposed testimony is prohibited

by both the rules on hearsay and on relevance.   First, eliciting the alleged out-of-court

statements of Dan Paulos through Mr. Chavez (or through Mr. Paulos) is prohibited by the

hearsay rules.   *See* Fed. R. Evid. 801.   To the extent that Defendant argues that he is not

introducing the statement for the truth of the matter asserted, then the statement becomes

irrelevant.   *See* Fed. R. Evid. 401.   Finally, to the extent that Defendant argues that the

statement is relevant, even if untrue, because he believes that it was error for Mr. Chavez to

exclude this statement from his 302, the United States submits that this in accurate and

irrelevant.[1]   As noted in the United States motion in limine concerning the quality of the

---

[1] As noted previously (Doc. 69), in the FD-302 summarizing Mr. Paulos' June 29, 2017 interview, the agents expressly note that Mr. Paulos "said there was not a bed in the room during that time."   *See* Doc. 62, Ex. 1 at 2.

government's investigation, Doc. 71, it is Defendant's guilt, not the government's investigation, that is on trial.   As such, Defendant's efforts to call Mr. Chavez to testify about his inclusion or exclusion of information from a 302 is not relevant.   Finally, even if the Court were to conclude that information about the location of beds in the rectory at St. Bernadette's is relevant, as addressed below, this testimony should come in through the source – Dan Paulos – not Mr. Chavez.   Alternatively, to clarify whether Mr. Chavez possesses any relevant evidence justifying his testimony at trial, the United States requests that the Court require the Defendant to submit a proffer of evidence outlining the relevance and admissibility of his testimony.

(3) <u>Dan Paulos</u>

Defendant has identified Dan Paulos as a prospective witness in this case.   Based on prior filings and communications with counsel for Defendant, the United States believes the Defendant intends to call Dan Paulos for the following purposes: (1) to have Mr. Paulos testify about out-of-court statements made to him by John Doe 1's mother about additional out-of-court statements allegedly made to her by John Doe 1; (2) to have Mr. Paulos testify about out-of-court statements that he purportedly made to former FBI SA Leroy Chavez about the location of beds in the rectory at St. Bernadette's; and (3) to have Mr. Paulos testify about his recollection of the rectory at St. Bernadette's.   As the first purpose, the United States has already briefed the Court on its argument that these alleged statements by John Doe 1's mother are inadmissible hearsay and incorporates those arguments into this filing.   *See* Docs. 53, 62, 69.   As to the second purpose, for the same reasons discussed above concerning Mr. Chavez, Mr. Paulos' purported out-of-court statements to Mr. Chavez are either hearsay or irrelevant.   As to the final issue, assuming that John Doe 1 testifies about abuse on a bed in St. Bernadette's rectory, Defendant

may be able to have Mr. Paulos testify as to his recollection that no bed was present at the time.

To the extent that Defendant intends to elicit other testimony from Mr. Paulos beyond that

identified above, the United States requests that the Court require the Defendant to submit a

proffer of evidence outlining the relevance and admissibility of his testimony or allow the United

States to conduct a voir dire of the witness outside the presence of the jury prior to his

anticipated testimony.

      For these reasons, the government respectfully requests that this Court exclude the

witnesses identified above absent a showing, outside of the presence of the jury, that the

witnesses testimony is relevant and admissible.

Respectfully submitted,
JOHN C. ANDERSON
United States Attorney

*Electronically filed on March 7, 2019*
SEAN J. SULLIVAN
HOLLAND S. KASTRIN
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused counsel for the Defendant to be
served by electronic means, as reflected on the Notice
of Electronic Filing, and other methods of service as
indicated therein on March 7, 2019:

     /s/
_____
HOLLAND S. KASTRIN
Assistant U.S. Attorney