IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 17-02558-MV-1 |
| vs. ) | |
| ) | |
| ARTHUR PERRAULT ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the government's Motion in Limine to Preclude Evidence of or Impeachment Based on Third-Party Reports Prepared by FBI Agents. Doc. 72. In the Motion, the government requests that the Court enter an order precluding Mr. Perrault from offering FBI investigative reports as evidence at trial or impeaching government witnesses with such reports. *Id*. Mr. Perrault filed a Response opposing the government on the impeachment matter. Doc. 105. Having considered the Motion, relevant law, and being otherwise fully informed, the Court finds that the government's Motion is well-taken and will be **GRANTED**.

**BACKGROUND**

On February 25, 2019, the government filed a motion moving the Court *in limine* for an order to preclude Mr. Perrault from offering any FBI investigative reports as evidence at trial and from impeaching any government witnesses with FBI investigative reports. The government argues that the scope of the disclosure rule under the Jencks Act is of limited scope and applies only to the testifying witness's statements. Doc. 72 at 2. Therefore, it argues, it is not required to disclose a report of a witness interview prepared by an investigator unless the testifying witness

has personally "adopted" the report. *Id*. (citing *United States v. Valdez-Gutierrez*, 249 F.R.D. 368, 372 (D.N.M. 2007)). The motion also sets forth that notes prepared by a government agent during a pretrial interview are not statements and need not be disclosed unless the testifying witness has reviewed them in their entirety and adopted them as an accurate record of what he or she said during the interview. *Id*. at 2–3 (citing *United States v. Smith*, 31 F.3d 1294, 1301 (4th Cir. 1994)). The government then states that a party may impeach an adverse witness based on prior statements which are contradictory or inconsistent with the testimony provided at trial. *Id*. at 3 (citing *United States v. Soundingsides*, 820 F.2d 1232, 1240 (10th Cir. 1987)).

The government argues that in this case, it has provided Mr. Perrault with several FBI 302 reports documenting pretrial interviews with John Doe and other testifying witnesses. *Id*. at 3. The government argues that the Court should preclude Mr. Perrault from offering these reports as evidence at trial or from attempting to impeach the testifying witnesses with the reports during cross-examination because the witnesses did not review the notes, take part in preparing the reports, or otherwise adopt or approve the notes or reports.

Mr. Perrault filed a response on March 8, 2019 in which he indicates that he will not offer any FBI investigative reports at trial. Doc. 105 at 1. However, he states that he opposes the government's contention that he will not be able to impeach government witnesses based upon FBI 302 reports. *Id*. He argues that the government has not provided any legal authority to substantiate its argument that a witness cannot be impeached using an FBI report or that would preclude him from attempting to impeach the credibility of a witness by showing them reports during cross-examination. *Id*. He argues that the government will have the opportunity to address any such issues raised in cross-examination during the re-direct examination of its witnesses. *Id*. at 2. Mr. Perrault requests that the Court deny the government's motion. *Id*.

## DISCUSSION

**I. Legal Standard**

Under Rule 16 of the Federal Rules of Criminal Procedure, reports and other government documents "made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" are not discoverable. Fed. R. Crim. P. 16(a)(2). Furthermore, discovery or inspection of statements made by prospective government witnesses is not required. *Id*. The exception, however, is the Jencks Act, which requires that after a government witness has testified, the government must produce any witness statement in its possession pertaining to the subject matter of the testimony. 18 U.S.C. § 3500(b). Under this provision, a statement is defined:

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(b). However, this exception is limited in scope and such statements that are disclosed under this provision should generally be restricted to the purpose of impeaching the witness. *Valdez-Guttierrez*, 249 F.R.D. at 373 (citing *Palermo v. United States*, 360 U.S. 343, 349 (1959)). Therefore, the government is not required to disclose a report made by a government investigator or agent as *Jencks* material unless the witness has adopted or approved the report. *United States v. Newman*, 849 F.2d 156, 160 (5th Cir. 1988) (citing *Campbell v. United States*, 365 U.S. 85 (1961) (citation omitted)).

A testifying witness may adopt a statement in a report prepared by a third party where the witness "either had some part in making the statement or report or the testifying witness

3

participated in conducting the underlying investigation and later approved the accuracy of the contents of the statement or report of the investigation."  *Valdez-Gutierrez*, 249 F.R.D. at 372. Additionally, notes taken by prosecutors or government agents may be considered statements for *Jencks* purposes if the witness adopts them by "review[ing] them in their entirety—either by reading them himself or by having them read back to him—and formally and unambiguously approv[ing] them—either orally or in writing—as an accurate record of what he said during the interview."  *Smith*, 31 F.3d at 1301; *see also United States v. Daniels*, 174 F. Supp. 2d 1205, 1207 (D. Kan. 2001).  Therefore, approval or adoption of a government agent's report as a witness's own statement requires first that the agent read the entire statement to the witness or the witness read it himself, and second that the witness manifest his assent by signing or otherwise approving the statement.  *Newman*, 849 F.2d at 160 (citing *Goldberg v. United States*, 425 U.S. 94 (1976) (Stevens, J., concurring)).  Furthermore, courts have permitted witnesses to ratify or adopt reports not only in a single, generalized response but also in a "piecemeal manner by response to a number of inquiries."  *United States v. Scaglione*, 446 F.2d 182, 184 (5th Cir. 1971).

Generally, evidence of a prior inconsistent statement can be used to impeach a testifying witness.  *United States v. Caraway*, 534 F.3d 1290, 1295 (10th Cir. 2008).  Once a proper foundation has been laid, a witness "may be impeached by showing former declarations, statements, or testimony which are contradictory or inconsistent with the answers given at trial." *Soundingsides*, 820 F.2d at 1240 (citing *United States v. Neal*, 452 F.2d 1085, 1086–87 (10th Cir. 1971) (citation omitted)).  The relevant inquiry, therefore, is whether the witness has made the investigator's report his own statements such that the defense should be allowed to use it for impeachment purposes.  *Scaglione*, 446 F.2d at 184 (citing *Palermo*, 360 U.S. at 350).  If the witness has not adopted the report as his own statement, then "it is grossly unfair to use the

language, interpretations and interpolations of someone else to impeach him." *Id*.

## II. Analysis

In this case, the government indicates that the prospective witnesses have not assisted in making the reports or reviewed the notes. Doc. 72 at 3; *see also Valdez-Gutierrez*, 249 F.R.D. at 372. The government also posits that the witnesses have not otherwise adopted or approved the notes or reports in any fashion. Doc. 72 at 4. Accordingly, the defense is precluded from using these reports to impeach the testifying witnesses during cross-examination, unless the proper foundation is laid. This would require that the witness has "formally and unambiguously approved" of the statements as his own, in accordance with the above standard. *See Smith*, 31 F.3d at 1301; *Newman*, 849 F.2d at 160.

**IT IS THEREFORE ORDERED** that the government's Motion (Doc. 72) is **GRANTED** and Mr. Perrault will not be permitted to use the FBI reports to impeach government witnesses unless the witness has had the opportunity to both read the report and adopt the statements therein as an accurate reflection of his statements in the interview.

DATED this 12th day of March, 2019.

                                          MARTHA VÁZQUEZ
                                          UNITED STATES DISTRICT JUDGE