IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 17-02558-MV-1 |
| vs. ) | |
| ) | |
| ARTHUR PERRAULT ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Perrault's Opposed Motion to Leave to File Motion for Early Production of Brady/Giglio and Jencks Act Materials and Formal Request for Production of Discovery. Doc. 77, 77-1. Upon Court order, Mr. Perrault filed a Brief in Support of Motion for Early Production of Brady/Giglio and Jencks Act Materials to Prepare for Trial and Formal Request for Production of Discovery. Docs. 79, 94. The government timely responded. Doc. 102. Having considered the motion, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and accordingly will be **DENIED**.

### BACKGROUND

On March 1, 2019, Mr. Perrault filed an Opposed Motion to Leave to File Motion for Early Production of Brady/Giglio and Jencks Act Materials and Formal Request for Production of Discovery. Docs. 77, 77-1. On the same date, the Court ordered that Defense submit supplemental briefing in support of its motion. Doc. 78.

Mr. Perrault filed a Brief in Support of his motion on March 5, 2019. Doc. 94. In it, Mr. Perrault states that the United States has withheld material and exculpatory information. He believes that the United States is not intending to call "a key FBI Agent as a witness" who

conducted the June 29, 2017 interview for which defense has not been provided the Federal Bureau of Investigation FD-302 report. *Id.* at 3. Mr. Perrault contends he has been left completely in the "dark regarding of [*sic*] the grand jury testimony that was elicited." *Id.* In addition to the FD-302 from FBI Special Agent Leroy Chavez' June 2017 interview, Defense requests that any grand jury testimony given by John Does 2 through 9 should be disclosed, as well as any civil complaints. *Id.* at 4. Mr. Perrault contends that these requests, made under *Brady*, *Agurs*, *Giglio*, and the Jencks Act, "are extremely important to the effective and efficient preparation of trial defenses" and the timing of their disclosure "will have an impact on the investigation of this matter and could delay the scheduled trial in this matter." *Id.* at 5. He specifically requests that the Court "enter an order requiring the government to disclose Brady/Giglio and Jencks Act material at least one 2 [*sic*] weeks in advance of trial" as well as disclose discovery regarding all of the civil complaints associated with all witnesses the government intends to call. *Id.*

On March 5, 2019, the Court held a telephonic hearing on Defense's Motion in Limine to Exclude Evidence Pursuant to Fed. R. Evid. 404(b), 413, and 414 [Doc. 40]. Doc. 93. At the end of the conference, Defense expressed his intent to file supplemental briefing in the instant motion, including a request for civil complaints—and he acknowledged the issue of the non-disclosure agreement. The government responded that they intended to disclose the discovery it has on the civil complaints once the Court ruled on Defense's motion [Doc. 40], in part because of the sensitive nature of the complaints and the non-disclosure agreements.

In its formal Response [Doc. 102] to Defense's request, the government argues that (1) it continues to liberally and timely disclose any *Brady* material; (2) Defense is not entitled to the early production of Jencks Act material; and (3) Defense has not made a showing of "particularized need" for the grand jury materials. Nonetheless, the government intends to produce the requested

2

Jencks Act material ahead of trial, including any civil complaints in its custody and control. Doc. 102 at 10. The government "anticipates making these disclosures approximately two weeks before trial." *Id.*

## DISCUSSION

### I. Legal Standard

a. *Brady* Standard

In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). The government's obligation to disclose exculpatory material attaches regardless of whether the defendant requests such material. *See United States v. Agurs*, 427 U.S. 97, 107 (1976). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.* The Court's "materiality review does not include speculation." *Banks v. Reynolds*, 54 F.3d 1508, 1519 (10th Cir. 1995). Accordingly, "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard." *Id.* (citation omitted); *United States v. Fleming*, 19 F.3d 1325, 1331 (10th Cir. 1994).

Similarly, "[t]he constitution does not grant criminal defendants the right to embark on a 'broad or blind fishing expedition among documents possessed by the government.'" *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (quoting *Jencks v. United States*, 353 U.S. 657, 667 (1957)). As the Supreme Court has made clear, "[a] defendant's right to discover

3

exculpatory evidence does not include the unsupervised authority to search through the [government's] files. . . . [T]his Court has never held—even in the absence of a statute restricting disclosure—that a defendant alone may make the determination as to the materiality of the information." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). Rather, "[i]n the typical case where a defendant makes only a general request for exculpatory material under [*Brady*], it is the [government] that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Id.*

It is well established that a defendant is not permitted to engage in a "fishing expedition" for discovery. The Tenth Circuit has upheld a District Court's decision to deny a motion to compel where a defendant was "unable to specify what the items he requests contain," or when he was "unable to verify whether the requested material even exists." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002). Additionally, "Courts have held that requests for an entire file are evidence of an impermissible fishing expedition." *Id.*; *see also McGee v. Hayes*, 43 Fed. Appx. 214, 216–17 (10th Cir. 2002).

b. Jencks Act

The Jencks Act, codified in 18 U.S.C. section 3500 and outlined in Federal Rules of Criminal Procedure 26, limits a defendant's entitlement to witness statements for impeachment purposes in cross-examination rather than in pretrial preparation. *See Palermo v. United States*, 360 U.S. 343, 349 (1959). The United States Supreme Court and Tenth Circuit have accordingly held that Jencks Act material need not be produced until *after* the witness testifies at trial. *Id.*; *United States v. Chanthadara*, 230 F.3d 1237, 1254 (10th Cir. 2000).

## II. Analysis

Despite the Court's request that defense submit supplemental briefing, Mr. Perrault requests secret grand jury proceedings, civil complaints, and the FD-302 associated with a June 2017 interview without citing authority that supports his requests. Rather, he makes bare assertions about his "quest for truth," being "in the complete dark" without the grand jury testimony, and a desire to determine *if* the testimony is important or sheds light on potential discrepancies that "could be" material and exculpatory. Doc. 94. In the instant case, Mr. Perrault fails to demonstrate "what the items he requests contain." *McGee*, 43 F. App'x at 214. His speculation that there may be helpful material is insufficient to make it discoverable under *Brady*, *Giglio*, or the Jencks Act. In short, Defendant's request in the instant case is a fishing expedition.

With regards to the grand jury testimony of John Does 2 through 9, Mr. Perrault states in his request, "*If* there are any discrepancies this could be material and exculpatory." Doc. 94 at 4 (emphasis added). Such materials would not meet the *Brady* standard, as the government is not required to turn over evidence that *may* be exculpatory. *See Banks*, 54 F.3d at 1519. Grand jury testimony is also protected by principles of secrecy, codified under Rule 6(e) of Federal Rules of Criminal Procedure. Defense does not meet the exception to the disclosure as he has shown no "particularized need" for the material. *See Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211 (1979); Fed. R. Crim. P. 6(e)(3)(E)(i). He claims that the requests "are extremely important to effective and efficient preparation of trial defenses." *Id.* at 5. Mr. Perrault similarly fails to cite any specific, non-speculative bases or legal basis for his request for the civil complaints.

The government contends that it is "not aware of any exculpatory information in the case that it has not disclosed" and will continue to comply with *Brady* and its progeny. Doc. 102 at 8.

It also concedes that it will timely disclose Jencks Act material, in accordance with prescribed law. As the government highlights, the Court cannot compel early disclosure of this material. *Id.* at 9 (citing *United States v. Castillo et al.*, 15-CR-0205-JCH (D.N.M. Oct. 13, 2015); *United States v. Spagnuolo*, 515 F.2d 818, 821 (9th Cir. 1975)). Still, to avoid unnecessary delays, the government represents in its Response that it intends to produce Jencks Act material to Mr. Perrault, including any civil complaints in its custody and control, approximately two weeks prior to trial. *Id.* at 10.

## CONCLUSION

Because of the speculative, non-specific nature of Defendant's request, Defendant's Motion will be denied. Defendant has failed to point, with specificity, to any reason he is entitled to the *entire* secret grand jury proceedings, an undescribed FD-302 interview from June 29, 2017, or civil complaints of the potential witnesses. While such information *may* be relevant to impeach a witness's testimony, Mr. Perrault has failed to explain why he is entitled to this material.

Furthermore, despite not being entitled to Jencks Act material at this pre-trial stage, the government has indicated that it will disclose the civil complaints in its custody and control approximately two weeks before trial. Such a concession by the government renders moot Mr. Perrault's request for a Court order on these materials.

**IT IS THEREFORE ORDERED** that Defendant Arthur Perrault's Motion for Early Production of Brady/Giglio and Jencks Act Materials to Prepare for Trial and Formal Request to Compel the Production of Discovery [Docs. 77, 77-1] is **DENIED**.

DATED this 12th day of March, 2019.

MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE