IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 17-02558-MV-1 ) ) |
| ARTHUR PERRAULT | ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the government's Motion *in Limine* to Admit Excited Utterance and Present Sense Impression Statements. Doc. 73. In addition to this Motion, the government also filed a Sealed Appendix. Doc. 74. Mr. Perrault filed a Response opposing the Motion *in Limine* [Doc. 107], and the government then filed a Reply [Doc. 114]. Having considered the Motion, relevant law, and being otherwise fully informed, the Court will defer ruling on the admissibility of these hearsay statements until trial.

### BACKGROUND

On February 25, 2019, the government filed a Motion *in Limine* for a pre-trial determination of the admissibility of excited utterance and present sense impression statements made by John Doe 3 regarding the alleged abuse by Mr. Perrault. Doc. 73. The statements include: (1) statements John Doe 3 made to his friend's mother after fleeing the rectory; (2) a description of the abuse by John Doe 3 to his mother when she picked him up from his friend's house; (3) statements made an hour and a half to two hours after the alleged abuse when John Doe 3 and his father went back to the church to confront Mr. Perrault; and (4) a handwritten letter by John Doe 3 detailing the abuse. *Id*. at 2. The government argues that these statements are

admissible as exceptions to the rule against hearsay as present sense impressions and excited utterances, pursuant to Rules 803(1) and 803(2) of the Federal Rules of Evidence. *Id*. at 2-6.

Mr. Perrault filed an untimely Response on March 11, 2019, in which he argues: (1) the statements are not admissible as present sense impressions because they were not made substantially contemporaneously with the event in question; (2) the statements are not admissible as excited utterances because there is no independent corroboration of a startling event or indicia of reliability; and (3) John Doe 3's written statement is testimonial in nature and therefore its admission would violate the Confrontation Clause. Doc. 107 at 1-2.

In its Reply, the government again asserts that the proffered statements by John Doe 3 are admissible both as present sense impressions, pursuant to Rule 803(1), and as excited utterances, pursuant to Rule 802(2). Doc. 114 at 2.

## DISCUSSION

### I. Legal Standard

The Federal Rules of Evidence define hearsay as an out of court statement that is offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801. Hearsay is generally inadmissible except as provided by federal statutes, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802.

Rue 803 sets forth several exceptions to the rule against hearsay. The present sense impression exception allows into evidence statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1).

The excited utterance exception allows in statements "relating to a startling event or condition, made while the declarant was under the stress of excitement that caused it." Fed. R. Evid. 803(2). To qualify as an excited utterance, there are three requirements that must be met:

2

(1) there must be a startling event; (2) the declarant must have made a statement under the stress of the event's excitement; and (3) there must be a nexus between the content of the statement and the event. *United States v. Magnan*, 863 F.3d 1284, 1292 (10th Cir. 2017) (citing *United States v. Smith*, 606 F.3d 1270, 1279 (10th Cir. 2010)). The government correctly asserts that no independent corroboration is necessary for an excited utterance to be admissible. *See United States v. Brown*, 254 F.3d 454, 460 (3d Cir. 2001) ("we conclude that an excited utterance may itself be sufficient to establish that a startling event occurred and that the question whether corroborating evidence independent of the declaration is needed in a given case to establish the occurrence of such an event is committed to the discretion of the trial judge").

The Court will make determinations on admissibility of hearsay statements at trial. Assuming that the government is able to establish the proper foundation for hearsay statements it seeks to admit under the present sense impression or excited utterance exceptions, the statements will be admitted.

**IT IS THEREFORE ORDERED** that the Court will reserve ruling on this motion for trial. However, as long as the government is able to lay a proper foundation for the statements as admissible under the exceptions to the rule against hearsay, the statements will be allowed in.

DATED this 13th day of March, 2019.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE