IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 17-02558-MV-1 |
| vs. | ) | |
| | ) | |
| ARTHUR PERRAULT | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the government's Motion to Preclude Inadmissible Character Evidence and Hearsay. Doc. 62. In the Motion, the government requests an order prohibiting Mr. Perrault from offering inadmissible character evidence at trial, pursuant to Rule 404 of the Federal Rules of Evidence, and from offering inadmissible hearsay evidence, pursuant to Rule 802. *Id.* Mr. Perrault filed a Response [Doc. 68], and the government then filed a Reply [Doc. 69]. Having considered the Motion, relevant law, and being otherwise fully informed, the Court finds that the government's Motion is well-taken and will be **GRANTED** on the issue of character evidence. The Court will reserve ruling on the hearsay matter until trial.

**BACKGROUND**

On January 29, 2019 the government filed the instant Motion requesting that the Court enter an order prohibiting Mr. Perrault from offering inadmissible character evidence under Rule 404 or inadmissible hearsay evidence under Rule 802. Doc. 62 at 1. Defense indicated to the

government that he planned to call D.P., an employee of St. Bernadette's in Albuquerque. *Id*. On June 29, 2017, FBI agents conducted an interview of D.P. *Id*. at 2. On January 4, 2018, defense counsel and an investigator for the defense interviewed D.P. *Id*. During these interviews, D.P. made statements regarding Mr. Perrault, describing him as "always professional," and stating that he was "surprised" by the allegations of sexual abuse and did not "suspect" or have an "inclination" that any abuse was taking place. *Id*. During the interview with the Defense's investigator, D.P. also stated that John Doe's mother told D.P. that John Doe told her that Mr. Perrault never abused John Doe. *Id*. at 3.

The government argues that Rule 404 does not permit Mr. Perrault to offer evidence of specific instances of good character in support of his defense at trial. *Id*. at 3–4. Specifically, it argues that the Court should not permit Mr. Perrault from offering character evidence that does not relate to a pertinent character trait and that is not in the form of opinion or reputation testimony. *Id*. at 4 (citing Fed. R. Evid. 404, 405). It also argues that Mr. Perrault should not be permitted to offer testimony or other evidence of specific instances of his good character, "as a law-abiding person or otherwise." *Id*. With respect to hearsay, the government sets forth that hearsay is generally inadmissible and that a party may not offer its own self-serving hearsay statements as evidence at trial. *Id*. The government argues that the statements D.P. provided to investigators are hearsay that do not fall within any exception. *Id*. at 5. With respect to D.P.'s statement to the FBI that Mr. Perrault told him that he [Mr. Perrault] did not engage in any "inappropriate behavior," the government argues that Mr. Perrault would have to take the witness stand and submit to cross-examination if he wishes to put his exculpatory statements before the jury. *Id*. at 5–6.

In the Response, Mr. Perrault "agrees that the information contained in the FD-302 regarding his character cannot be introduced." Doc. 68. With respect to the hearsay issue, Mr. Perrault argues that the statement that John Doe's mother made to D.P. is admissible pursuant to Rule 804(a)(4). *Id*. at 3. However, he requests that the Court reserve its ruling on the admissibility of hearsay evidence until trial, after the opening statements. *Id*. He also suggests that the scope of the direct examination of D.P. may be related to John Doe's cross-examination. *Id*. Accordingly, he requests that the Court does not rule on the hearsay evidence until trial. *Id*.

In the government's Reply, it requests that the Court grant its motion to preclude on the issue of character evidence as unopposed. Doc. 69 at 1–2. The government also mistakenly addresses Mr. Perrault's argument that he should be permitted to introduce the hearsay statements under Rule 804(b)(4). *Id*. at 2. However, the Court notes that his argument is that the statement from John Doe's mother to D.P. should be admissible pursuant to Rule 804(a)(4) as an unavailable declarant.

## DISCUSSION

### I. Character Evidence

Under Rule 404, a party may not offer evidence of a person's character or character trait "to prove that on a particular occasion the person acted in accordance with the character trait." Fed. R. Evid. 404(a)(1). However, there is an exception in criminal cases permitting a defendant to offer evidence of his or her own pertinent trait. Fed. R. Evid. 404(a)(2)(A). "When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). It is only on cross-examination that the inquiry into relevant specific instances of the person's conduct is permissible. *Id*. If the Court admits such evidence, the prosecutor may offer evidence to rebut

it. Fed. R. Evid. 404(a)(2)(A).

The Tenth Circuit has noted that, while propensity evidence is generally not allowed, this general rule does not apply when the defendant in a criminal case "seeks to offer evidence of his good character to imply that he is unlikely to have committed a crime." *United States v. Yarborough*, 527 F.3d 1092 (10th Cir. 2008). However, evidence of a person's character or character trait may only be proved by relevant specific instances when that character or character trait is "an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b).

Here, the parties appear to be in agreement that the information contained in the investigators' reports are not admissible as character evidence. Therefore, it appears that testimony from D.P. that Mr. Perrault was "always professional" will not be admitted. Should the parties determine that they wish to introduce character evidence, it must comport with the limitations set forth in the Federal Rules of Evidence.

**II. Hearsay Evidence**

Hearsay is any out of court statement that is offered in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay is generally inadmissible unless it is expressly permitted by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802. Mr. Perrault has asserted that the statement made by John Doe's mother to D.P. regarding what John Doe told her will be admissible pursuant to Rule 804(a)(4) [*see* Doc. 68 at 3], which provides for an exception to the rule against hearsay where the declarant is unavailable due to death or an illness. As the Court does not currently have sufficient information regarding scope of potential hearsay statements, the Court will defer ruling on these hearsay issues until trial.

**IT IS THEREFORE ORDERED** that the government's motion is **GRANTED** on the issue of character evidence. The Court will reserve its ruling on the hearsay issue until trial.

DATED this 13th day of March, 2019.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE