# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

## CLERK'S MINUTES

*Before the Honorable Martha Vázquez*

**Case No.:** CR 17-2558-MV **Date:** March 21, 2019

**Title:** USA v. Arthur Perrault

**Courtroom Clerk:** Marina Henri **Court Reporter:** Carmela McAlister

**Court in Session:** 9:35 am **Court in Recess:** 3:21 pm

TOTAL TIME IN COURT = 3 hrs, 57 min (237 minutes)

**TYPE OF PROCEEDING:** Admissibility of Evidence Pursuant to Fed. R. Evid. 404(b), 413, and 414

**COURT'S RULINGS AND/OR DISPOSITION:** Court DENIES Defense's Motion *in Limine* 40 with respect to 413/414 evidence.

Court RESERVES ruling with respect to 404(b) evidence.

**ORDER CONSISTENT WITH COURT'S RULING TO BE PREPARED BY:**

**INTERPRETER:**

**ATTORNEY(S) FOR PLAINTIFF:**

Sean Sullivan
Holland Kastrin

**ATTORNEY(S) FOR DEFENDANT:**

Sam Winder

**PROCEEDINGS:**

9:35 am    Court in Session.

9:35 am    Counsel makes appearances. Mr. Perrault is present and in custody. Sitting at prosecution table is FBI Agent, Cristina Sandoval. Sitting at defense table is case agent, Richard Baca.

9:36 am    Court clarifies purpose of notice and hearing.

| | |
|---|---|
| 9:37 am | Special Agent Cristina Sandoval takes the stand and is sworn in. |
| 9:38 am | AUSA Kastrin requests to refer to John Does by their witness names, rather than their legal names, due to the public nature of the hearing.  Defense has no objections.  She will provide Agent Sandoval with a list of the corresponding names and numbers of John Does. |
| 9:38 am | AUSA Kastrin begins direct examination, asking Agent Sandoval about each John Doe in turn and presenting Agent Sandoval with the relevant FBI 302 Reports and/or depositions to refresh the witness's recollection as to the specifics of each John Doe.  AUSA Kastrin presents the 302 and/or depositions to Mr. Winder prior to showing them to the witness.  Mr. Winder has no objections to the documents being shown. |
| 10:13 am | AUSA Kastrin notes the government will be seeking a 404(b) ruling with respect to any incidents that occurred after John Doe 4 turned 16 years old. |
| 10:29 am | AUSA Kastrin notes the government will be seeking a 404(b) ruling with respect to any incidents that occurred after John Doe 7 turned 16 years old. |
| 10:54 am | AUSA Kastrin notes the government will be seeking a 404(b) ruling with respect to any incidents that occurred after John Doe 9 turned 16 years old. |
| 10:56 am | AUSA Kastrin questions Agent Sandoval about what occurred during Mr. Perrault's transport from Morocco. |
| 10:57 am | AUSA Kastrin requests leave to present Agent Sandoval of a 302 of Mr. Perrault's transport.  Mr. Winder does not object.  Agent Sandoval reviews the 302. |
| 11:01 am | AUSA Kastrin proceeds with direct examination. |
| 11:04 am | AUSA Kastrin requests leave then questions Agent Sandoval about the investigation. |
| 11:05 am | AUSA Kastrin concludes the government's presentation of evidence.  Court questions the government about the specificity with which it intends to question the John Does.  AUSA Kastrin responds. |
| 11:07 am | Court is in recess. |
| 11:31 am | Court is in session. |
| 11:32 am | Mr. Winder begins cross-examination of Agent Sandoval. |

| | |
|---|---|
| 11:33 am | Mr. Winder cross-examines Agent Sandoval with respect to John Doe 1. |
| 11:36 am | Mr. Winder questions Agent Sandoval about an interview of a specific witness. |
| 11:36 am | Mr. Winder asks Agent Sandoval has spoken to the AUSAs about last week's hearing.   AUSA Kastrin objects.   Mr. Winder withdraws the question. |
| 11:37 am | AUSA Kastrin questions relevancy of questions about June 29, 2017 interview of a witness. |
| 11:38 am | Mr. Winder withdraws the question. |
| 11:38 am | Mr. Winder continues cross-examination of Agent Sandoval with respect to John Doe 1. |
| 11:44 am | AUSA Kastrin objects to question on grounds of relevance.   Mr. Winder withdraws his question and proceeds with cross-examination. |
| 11:46 am | AUSA Kastrin objects to question on grounds of relevance.   Mr. Winder withdraws his question and proceeds with cross-examination. |
| 11:47 am | Mr. Winder continues with cross-examination with respect to John Doe 2. |
| 11:50 am | AUSA Kastrin objects to questions about confidential conversations between the Agent and the government.   Mr. Winder will rephrase. |
| 11:51 am | Mr. Winder continues with cross-examination with respect to John Does 3 through 9.   Agent Sandoval refers to the 302s as needed to refresh her recollection. |
| 12:17 pm | Mr. Winder continues with cross-examination with respect to statements made by Mr. Perrault during his return to New Mexico. |
| 12:18 pm | Mr. Winder confers with his client and case agent and concludes cross-examination. |
| 12:18 pm | AUSA Kastrin conducts re-direct examination of Agent Sandoval. |
| 12:19 pm | Mr. Winder objects to AUSA Kastrin's questions.   Court overrules the objection and AUSA Kastrin continues re-direct examination of Agent Sandoval. |
| 12:22 pm | AUSA Kastrin approaches witness with statement made by John Doe 3, and continues re-direct examination. |
| 12:26 pm | AUSA Kastrin refreshes Agent Sandoval's recollection with a deposition of John Doe 5, and continues re-direct examination. |

| | |
|---|---|
| 12:28 pm | Mr. Winder requests to approach.   A bench conference is held. |
| 12:40 pm | AUSA Kastrin resumes re-direct examination. |
| 12:42 pm | AUSA Kastrin concludes and seeks clarification on whether the afternoon arguments will only be on Rule 403 analysis.   The Court responds. |
| 12:43 pm | Court in recess. |
| 2:02 pm | Court in session. |
| 2:02 pm | AUSA Katrin presents arguments on Rule 403 impact on this case. |
| 2:04 pm | AUSA Kastrin requests that the Court seal the previously submitted 302s and depositions be included as sealed appendix to the motion as evidence of what the Court reviewed in making its decision on this matter. |
| 2:22 pm | Court questions AUSA Kastrin about the proffered evidence on two specific John Does.   Court also asks whether the government intends to bring evidence in during case-in-chief or as rebuttal evidence, and asks about admissibility for that purpose.   AUSA Kastrin responds. |
| 2:28 pm | Mr. Winder presents arguments on Rule 403. |
| 2:32 pm | AUSA Kastrin objects as speculative.   Mr. Winder moves on to other arguments. |
| 2:33 pm | AUSA Kastrin objects on the basis of relevance and lack of knowledge.   Mr. Winder moves on to other arguments. |
| 2:39 pm | Court responds to Mr. Winder's argument on a specific case's finding. |
| 2:39 pm | Mr. Winder responds and continues with 403 analysis. |
| 2:40 pm | AUSA Kastrin objects as a mischaracterization. |
| 2:41 pm | Mr. Winder responds and continues with argument. |
| 2:45 pm | Mr. Winder concludes arguments. |
| 2:46 pm | AUSA Kastrin requests and does respond to defense's arguments. |
| 2:57 pm | AUSA Kastrin concludes arguments, and Mr. Winder responds. |
| 2:58 pm | Court addresses counsel, ruling that the 413/414 evidence will be allowed. |

| | |
|---|---|
| 3:13 pm | AUSA Kastrin requests a 404(b) ruling. |
| 3:13 pm | Court asks when expert will testify.   AUSA Kastrin responds. |
| 3:14 pm | Court will permit testimony about grooming, and will reserve ruling as to 404(b) evidence.   Court requests that counsel approach the bench before getting into 404(b) evidence. |
| 3:15 pm | AUSA Sullivan addresses issue that several victims were involved in civil settlements. |
| 3:17 pm | Mr. Winder responds.   He would bring this matter up on cross. |
| 3:18 pm | AUSA Sullivan responds. |
| 3:18 pm | Mr. Winder indicates that he will work with government on *voir dire* questions. If he is unable to, he will submit amended *voir dire*.   Mr. Winder intends to raise issues about credibility of law enforcement. |
| 3:19 pm | Court notes that issues about credibility of law enforcement is always part of *voir dire*.   Parties will try to work on questions together. |
| 3:21 pm | Court addresses jury summonses issues.   Mr. Winder asks if the Judge will be making a ruling on defense's proposed expert.   Court states that a ruling should be available Friday, March 22nd. |
| 3:21 pm | Court in recess. |