IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 17-02558-MV-1 |
| vs. | ) | |
| ARTHUR PERRAULT, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the government's Motion to Preclude Expert Testimony of Dr. Mark Chambers [Doc. 70]. In the Motion, the government moves the Court to preclude the proffered testimony of proposed expert witness for Mr. Perrault, Dr. Mark J. Chambers. Doc. 70 at 1. The Court held a *Daubert* hearing on March 14, 2019 to determine the admissibility of Dr. Chambers' testimony. Having considered the Motion, relevant law, expert witness testimony, and being otherwise fully informed, the Court finds that the government's Motion is not well-taken and will be **DENIED**.

### BACKGROUND

On February 8, 2019, Mr. Perrault filed a Notice of Intent to Offer Expert Testimony of an expert in clinical and forensic psychology, Dr. Mark J. Chambers [Doc. 67]. Dr. Chambers received his B.A. and M.A. at Stanford University, followed by a Ph.D. in clinical psychology from Northwestern University. Doc. 67-1 at 1. Since 1999, he has been in private practice, working with both children and adults. In addition to his clinical experience which dates back to 1986, he has taught at the University of Nevada-Las Vegas and at the Pacific Graduate School of Psychology. He has also served as Director of Legal Psychology Consulting, Clinical Supervisor

at the Pacific Graduate School of Psychology, and a Research Associate at the Leo Burnett Company.

Based the information contained in Dr. Chambers' *curriculum vitae*, Mr. Perrault asserts that Dr. Chambers is qualified to provide expert testimony in two main areas. First, Mr. Perrault will offer testimony regarding several areas relating to the fundamental tenets of human memory and the factors that influence the reliability of memory. Doc. 67 at 1. During the *Daubert* hearing, Mr. Perrault advised the Court that with respect to this topic, he is only seeking to admit testimony regarding the passage of time, interference from external sources including therapy and media reports, and internal motivations and rewards. He will no longer seek to admit expert testimony regarding personal biases and prejudices, internal self-schemas, or types of memory inconsistencies that are not in line with expected memory errors. The second main area of proffered evidence concerns the motives and circumstances typically associated with false sexual abuse allegations, including deflection and personal gain. *Id*. at 2. Mr. Perrault further asserts that Dr. Chambers reserves the right to modify his opinions and conclusions based upon new facts, as well as the right to elicit testimony regarding other matters based on testimony provided by the government's expert or other witnesses, including Mr. Perrault. *Id*.

In its Motion, the government requests that the Court preclude the proffered testimony of Dr. Chambers pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as well as other testimony from Dr. Chambers on the ultimate issue of the case pursuant to Rule 704 of the Federal Rules of Evidence. Doc. 70 at 1. The government argued that Mr. Perrault has not satisfied the requirements under Rule 702 to establish that Dr. Chambers is qualified as an expert on the subject matter of the proffered testimony. *Id*. at 2.

The government also argues that portions of Dr. Chambers proffered testimony may be impermissible pursuant to Rule 702 if it is offered to challenge the veracity of John Doe, as witness credibility is not an appropriate subject for expert testimony. *Id*. at 3.

Finally, the United States argues that, pursuant to Rule 704, Dr. Chambers should not be permitted to offer opinion testimony on the ultimate issue of the case. *Id*. Based on these arguments, the United States moves the Court to preclude the testimony of Mr. Perrault's proposed expert witness, Dr. Chambers. *Id*. at 4.

## DISCUSSION

### I. Legal Standard

Rule 702 of the Federal Rules of Evidence governs testimony by expert witnesses. It permits an expert who is qualified by knowledge, skill, experience, training, or education to testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Supreme Court of the United States has held that to be admissible under Rule 702, evidence must be both relevant and reliable. *Daubert*, 509 U.S. at 597. It is the trial judge's duty to maintain a gatekeeping function, only admitting evidence that is both relevant and reliable. *Id*. The Supreme Court in *Kumho Tire Co., Ltd. v. Carmichael* extended the holding in *Daubert* such that the trial judge's gatekeeping function applies not only to testimony based on scientific knowledge, but also to testimony based on technical and other specialized knowledge. 526 U.S. 137, 141 (1999).

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. In the context of Rule 702, the expert must provide testimony based on his or her specialized knowledge that is "beyond the ken of the average juror." *Michael*, 2007 WL 9657855, at *3 (quoting *United States v. Tapia-Ortiz*, 23 F.3d 738, 740–41 (2d Cir. 1994)). Thus, in order to be relevant, the expert's testimony must "help the trier of fact to understand evidence or determine a fact in issue." Fed. R. Evid. 702.

The Supreme Court in *Daubert* announced four factors for a trial judge to consider in assessing the reliability of evidence under Rule 702: testing, peer review, error rates, and general acceptance. 509 U.S. 579; *see also Kumho Tire*, 526 U.S. at 141. The Court emphasized that the inquiry is meant to be a flexible one, focused on principles and methodology rather than the conclusions that are generated. *Id*. at 595–96. The *Kumho Tire* Court reiterated that the test is flexible and held that a trial court has "the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." 526 U.S. at 141–42. The factors enumerated in *Daubert* are not intended to be a "definitive checklist or test," but rather they should guide the trial judge in determining whether expert testimony is reliable. *Id*. at 150–52. The judge has "broad latitude" in making a reliability determination. *Id*. at 153.

In child sexual abuse cases, the Tenth Circuit has held that experts who are properly quialified may be allowed to testify as to their opinion on whether the evidence is consistent or inconsistent with the allegations of sexual abuse regarding "characteristics of sexually abused children" more generally, including a description of the "characteristics the alleged victim exhibits." *United States v. Charley*, 189 F.3d 1251, 1264 (10th Cir. 1999); *see also United States v. Koruh*, 210 F.3d 390, *2 (10th Cir. 2000). In *Charley*, the Tenth Circuit found that there was no abuse of discretion by the district court allowing the expert's "general and conditional"

opinions. *Id.* Other courts have permitted testimony concerning general characteristics of sexually abused children that was limited to "a discussion of a class of victims generally." *United States v. Antone*, 981 F.2d 1059, 1061–62 (9th Cir. 1992).

However, an expert is not permitted to comment on the credibility of the victim in the case. *See Charley*, 189 F.3d at 1267. Expert testimony regarding the credibility of another witness is also generally impermissible as it invades the jury's "vital and exclusive function to make credibility determinations." *Id.* Similarly, expert testimony that merely vouches for another witness's truthfulness is not permissible. *United States v. Velarde*, 214 F.3d 1204, 1211 (10th Cir. 2000). An expert's opinion that the abuse did or did not occur based on the alleged victim's statements is also impermissible, as that goes to the alleged victim's credibility. *Charley*, 189 F.3d at 1267. "As a general matter, expert witnesses may not usurp the jury's factfinding role in determining which version of events is more credible." *Michael*, 2007 WL 9657855 at *3.

Finally, under Rule 704, an expert witness in a criminal case may not "state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704. Those issues are to be determined by the trier of fact alone. *Id.*

**II. Analysis**

Based on Dr. Chambers' background as provided by Mr. Perrault, the Court found that a *Daubert* hearing was necessary in order to determine whether his expert testimony would be admissible under Rule 702. After assessing Dr. Chambers' testimony from the hearing, the Court has determined that he will be permitted to testify as an expert witness in the areas of the fundamental tenets of human memory and factors that influence the reliability of memory, as well as the motives and circumstances typically associated with false sexual abuse allegations.

Given the facts of this case, the Court finds that Dr. Chambers' testimony in these areas is clearly relevant. Through his testimony at the *Daubert* hearing, Dr. Chambers has displayed that his specialized knowledge and experience is "beyond the ken of the average juror." *See Michael*, 2007 WL 9657855, at *3. This specialized knowledge will help the trier of fact better understand the evidence presented. *See* Fed. R. Evid. 702. It may also help the jury determine a fact in issue, as the jury will be charged with assessing the credibility of the victims' memories and accounts of the alleged abuse. *Id*.

The Court also finds that Dr. Chambers testimony is sufficiently reliable. Dr. Chambers has characterized himself as a practitioner in the area of clinical and forensic psychology. *See* Doc. 67-1. While he has not personally researched the proffered areas of testimony, he has studied the field, as demonstrated through his testimony at the hearing when he detailed the peer-reviewed studies that he will rely upon as a basis for his testimony at trial. He testified that this research concerning human memory is generally accepted as it appears in introductory psychology textbooks. Furthermore, he testified that the American Psychological Association has a working group to review research on the issue. He also testified that the research conducted in the studies upon which he will rely dates back to the 1990's. He was further able to testify to the methodologies employed by researchers who have conducted studies on topics relating to human memory.

Dr. Chambers has conducted over 2,000 forensic evaluations. Doc. 67-1. On cross-examination, the government questioned Dr. Chambers as to the subject matter of these evaluations. He testified that over half of his evaluations involved competency examinations, but twenty percent of the evaluations touched on issues pertaining to child sexual abuse, many in the context of offenders and their likelihood of recidivism. He testified that he has evaluated both

child accusers and offenders, but that he has conducted only a few evaluations on adults disclosing child sexual abuse. However, the Court finds that this experience does not disqualify Dr. Chambers from testifying in this matter and that it does not provide a basis for his exclusion as an expert witness. Rather, it goes to the weight that the finder of fact may assign to his testimony at trial.

The Court finds that Dr. Chambers testimony is based on sufficient data, based on his comprehensive review of the field. *See* Fed. R. Evid. 702. He has testified to the principles and methodology employed in the studies which he will rely upon in his testimony. *Id*. Based on Dr. Chambers' knowledge, experience, and training, the Court finds that he is qualified to provide expert testimony regarding the proffered topics. *See* Doc. 67 at 1–2.

**IT IS THEREFORE ORDERED** that Dr. Chambers will be permitted to testify as an expert witness in this matter. The Court notes that defense counsel indicated at the *Daubert* hearing that he will no longer proffer Dr. Chambers' testimony on the sub-topics of personal biases and prejudices, internal self-schemas, or types of memory inconsistencies that are not in line with expected memory errors. Accordingly, the government's Motion to Preclude Expert Testimony of Dr. Mark Chambers is **DENIED**.

DATED this 22nd day of March, 2019.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE