IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) Cr. No. 17-2558-MV |
| vs. | ) ) |
| ARTHUR PERRAULT, | ) ) |
| Defendant. | ) |

**ORDER ON DEFENSE MOTION** *in Limine* **to Exclude**
**Evidence Pursuant to Fed. R. Evid. 404(b), 413, and 414**

**THIS MATTER** comes before the Court on Mr. Perrault's Motion *in Limine* to Exclude Evidence Pursuant to Fed. R. Evid. 404(b), 413, and 414, [Doc. 40]. The Court heard arguments on this Motion on March 21, 2019. Having reviewed the briefs, oral arguments, relevant law, and being otherwise fully informed, the Court finds that the motion will be **DENIED** in part, as to the Rule 413/414 evidence. The Court will **RESERVE** its ruling with regards to the 404(b) evidence.

This matter was addressed at length by a previous Notice of Hearing with respect to this motion wherein the Court outlined the background of the instant motion and legal standard for the admissibility of the proposed evidence. Doc. 103. The Court also conducted a preliminary Rule 413/414 analysis, finding that the evidence meets admissibility under Rules 413/414. The Court then held a hearing on March 21, 2019 for counsel to address the balancing of the probative value and prejudicial effect of this evidence under Rule 403. The Court concludes, for the reasons set forth below, the probative value of the proposed 413/414 evidence is not substantially outweighed by unfair prejudice, and the evidence will thus be admitted.

1

# ANALYSIS

## I. Preliminary Finding of Admissibility

Under Rule 413(a) of the Federal Rules of Evidence, "[i]n a criminal case in which a defendant is accused of sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a). Any evidence offered under Rule 413 must meet three threshold requirements before a court can admit it. *United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998). A district court must determine: (1) that the defendant is accused of an offense of sexual assault; (2) that the evidence proffered is evidence of the defendant's commission of another offense of sexual assault; and (3) that the evidence is relevant. *Id*. Evidence is relevant if it has any tendency to make the existence of any fact of consequence "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 414 is identical to Rule 413 except that it deals specifically with similar crimes in child-molestation cases. Fed. R. Evid. 414. The three threshold requirements under Rule 414 are identical to those under Rule 413, except that the 414 requirements pertain to child molestation. *United States v. McHorse*, 179 F.3d 889, 897–98 (10th Cir. 1999).

Here, Mr. Perrault is charged with six counts of Aggravated Sexual Abuse and one count of Abusive Sexual Contact. The government seeks to admit evidence that Mr. Perrault "engaged in sexual acts with minors under the age of 12 and minors who were over 12, but under 16," which qualifies as sexual assault and child molestation under 18 U.S.C. chapter 109A. Doc. 45 at 6. The evidence proffered thus meets the second threshold requirement under Rules 413/414. This evidence is relevant to establish that Mr. Perrault "has a propensity for abusing young boys" [*Id.* at 7] and to rebut Mr. Perrault's defense that John Doe 1 is not credible. In particular, evidence

of the alleged misconduct with the other eight children is being offered to show that Mr. Perrault engaged in similar behavior as he did with John Doe 1, thereby decreasing the likelihood that the case will be an "unresolvable swearing match" between Mr. Perrault and John Doe 1. *See United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998). In support of its Intent to Offer Evidence Pursuant to Fed. R. Evid. 404(b), 413, and 414, the government has proffered extensive evidence as to the nature of the allegations of the other eight uncharged victims, including Federal Bureau of Investigation 302 Reports and individual depositions[1] for each John Doe, as well of several of Mr. Perrault's own statements in which he admits to sexually abusing other children. Doc. 43 at 9; Doc. 44. The Court is therefore satisfied that the three threshold requirements for admissibility under Rules 413/414 have been met.

**II. Rule 403 Balancing**

Trial courts must next balance the evidence's probative value against its prejudicial effect under Rule 403. Rule 403 requires a court to exclude the evidence if it concludes that the probative value of the similar crimes evidence is outweighed by the risk of unfair prejudice. *Enjady*, 134 F.3d at 1433. However, the Tenth Circuit has held that the exclusion of relevant evidence under Rule 403 "should be used infrequently," based on Congress' intent that Rule 414 favors admissibility. *Id. See also United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997) (Noting that although 403 balancing applies, under Rule 414 "courts are to 'liberally' admit evidence of prior uncharged sex offenses."). Because Congress intended that these rules favor admissibility, the typical prejudice associated with these prior sexual acts will not be enough to outweigh the probative value.

In the context of sexual assault cases, Rule 403 balancing requires that the court consider:

---

1 Depositions from civil lawsuits exist for six of the eight uncharged victims.

3

(1) how clearly the prior act has been proved; (2) how probative the evidence is of the material fact it is admitted to prove; (3) how seriously disputed the material fact is; and (4) whether the government can avail itself of any less prejudicial evidence. *Enjady*, 134 F.3d at 1433 (citation omitted). When evaluating the probative dangers, *Enjady* also instructs the court to consider: (1) how likely it is that the evidence will contribute to an improperly-based jury verdict; (2) the extent to which the evidence will distract the jury from the central issues of the trial; and (3) how time consuming it will be to prove the prior conduct. *Id.*

   a. *Enjady* Factors

      i. How Clearly the Prior Act has Been Proved

With respect to the first factor, under Rules 413/414, the district court must make a preliminary finding that "a jury could reasonably find by a preponderance of the evidence that the 'other act' occurred." *Id.* This preponderance of the evidence standard is a low standard that ensures that the evidence in question is relevant. *United States v. Edwards*, 282 F. Supp. 3d 1270, 1278 (D.N.M. 2017) (citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988)). The Tenth Circuit has held that the "district court need not make detailed factual findings in support of its Rule 403 determination." *United States v. Castillo*, 140 F.3d 847, 884 (10th Cir. 1998). However, it must "fully evaluate the proffered Rule 413 [or Rule 414] evidence and make a clear record of the reasoning behind its findings." *Id.* (citing *Guardia*, 135 F.3d at 1331).

In this case, the government has provided Mr. Perrault and the Court with statements in the form of FBI 302 reports and other written materials including, in all but two cases (John Does 2 and 8) depositions from each of the victims describing the specific abuse they experienced. In addition to the written material that was submitted to the Court, the Court also heard testimony from FBI Special Agent Christina Sandoval at the March 21 hearing. The Court is satisfied that

4

the written materials provided coupled with Agent Sandoval's testimony are sufficient to conclude that the government has met the preponderance of the evidence standard.

The evidence shows that the John Does cross-corroborate each other. Several John Does also have additional forms of corroboration. For example, John Doe 3 made statements to his mother and wrote a contemporaneous letter following his alleged abuse. John Does 5 and 6's mother corroborated that they disclosed the alleged abuse and stated that Mr. Perrault admitted to her that he touched them at least once. Furthermore, Mr. Perrault's own statements provide corroboration in his admissions that he knew John Doe 1, that John Doe 1 was his altar boy for daily mass, and that he took John Doe 1 in his personal car on at least a few occasions. Furthermore, Mr. Perrault admitted that he abused John Doe 8, admitted that he may have abused more than one boy, and in his letter to the King of Morocco, stated that he would have to admit to abusing a plural number of teens. The Court therefore concludes, based on its review of the briefing, relevant law, and extensive discovery provided to Mr. Perrault and the Court with respect to John Does 1 through 9, a jury could reasonably find by a preponderance that the other alleged abuse occurred.

  ii. How Probative the Evidence of the Material Fact it is Admitted to Prove

With respect to second factor, the *Guardia* court enumerated specific considerations the district court should analyze. *See generally United States v. Benally*, 500 F.3d 1085, 1090 (10th Cir. 1085). These include (1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening acts, and (5) the need for evidence beyond the defendant's and alleged victim's testimony. *Id.* (citing *Guardia*, 135 F.3d at 1331). The central issue of material fact in this case is whether John Doe 1 is telling the truth with respect to his allegations of abuse that

5

occurred at Kirtland Air Force Base (KAFB) and the Santa Fe National Cemetery at the hands of Mr. Perrault, his priest, when he was 10 and 11 years old, working as an altar server. The Court finds it highly probative of John Doe 1's credibility that there are eight additional victims who were in the same age range (all pre-pubescent or in puberty), same gender, and all knew Mr. Perrault by association of him being a priest, either because he was a priest in their parish, a teacher in a catholic school, or introduced to them through another priest. Thus, Mr. Perrault held some position of authority over each of them.

With regards to the similarity of prior acts and the charged acts, the government correctly points out that the Tenth Circuit has upheld a district court's consideration of similarity of general age, gender, and relationship to the defendant. Doc. 45 at 11 (citing *Benally*, 500 F.3d at 1085). In *Benally*, the district court noted that the incidents involved young female family members who were similar in age to each other and similar in age to the victim of the charged offense. 500 F.3d at 1091. That court also noted that many of the incidents either involved the use of force or a weapon, and determine that the similarly of the incidents showed that they were highly probative. *Id*. Here, there are strong similarities in the age, location, and the manner in which Mr. Perrault gained the victims trust. *See* Doc. 43. The victims were all roughly the same age, between 9 and 16 years old, and many were altar boys.

There are also similarities with respect to the location of the abuse. Several of the other John Does can associate Mr. Perrault with KAFB, one of the places that John Doe 1 was allegedly abused. For example, John Does 7 and 8 also claim to have been abused at KAFB, and several other John Does can corroborate Mr. Perrault's access to the base and his association with it. Several other victims also allege abuse taking place in Mr. Perrualt's private vehicle, another location John Doe 1 claims to have been abused. Multiple victims also claim abuse in the private

6

quarters of the church or St. Pius High School. For example, John Doe 3 claims that abuse took place in the church rectory, similar to claims by John Doe 1.

Several victims also describe similar grooming techniques used by Mr. Perrault to gain unsupervised access to them, including giving gifts, taking them on excursions including weekend trips, and spending time around them and their families. *Id*. at 12. John Does 5, 6, and 9 recall Mr. Perrault taking them on excursions to various locations.

The next consideration for probative value is the time lapse between the other acts and the charged act. *Guardia*, 135 F.3d at 1331. The Tenth Circuit has held that there is "no time limit beyond which prior sex offenses by a defendant are inadmissible." *Meacham*, 115 F.3d at 1492. The Tenth Circuit cited to the historical notes of Rule 414, noting that Congress indicated that "[n]o time limit is imposed on the uncharged offenses for which evidence may be admitted" and "as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding very substantial lapses of time in relation to the offense or offenses." *Id*. (quoting Fed. R. Evid. 413 Historical Notes (citation omitted)). The Tenth Circuit in *Benally* found that a significant time lapse of almost 35 years did not negate the probative value of the testimony about the prior incidents. 500 F.3d at 1091; *see also United States v. Koruh*, 210 F.3d 390 (10th Cir. 2000) (allowing testimony of alleged events that took place 16 to 20 years prior); *United States v. Velarde*, 88 F. App'x 339, 341 (10th Cir. 2004) (no abuse of discretion in admission of testimony of acts that occurred twenty years prior).

Here, the time lapse is between ten and thirty years. Over time, Mr. Perrault used his position of authority over the victims to silence them and exploit his position of power as a priest or teacher. Additionally, the reason these claims are only now being charged is because Mr. Perrault fled the jurisdiction for decades after victims started coming forward. Therefore, the time

lapse in this case does not weigh against the probative value of the uncharged acts.

The court next considers the frequency of the prior acts, the occurrence of intervening acts, and the need for evidence beyond the defendant's and alleged victim's testimony. *Guardia*, 135 F.3d at 1331. The government argues that the evidence demonstrates that the abuse took place with "remarkable frequency" and that Mr. Perrault used his position of authority, which allowed his abuse to go on undetected for decades. Doc. 45 at 13. The evidence shows that the repeated abuse occurred over a span of four decades. The Court finds, as in *Benally*, that there were no intervening events in between the alleged other acts and the charged conduct that would "undermine the probative value of the evidence." 500 F.3d at 1091.

With respect to the need for evidence beyond the testimony of the defendant and the alleged victim the case, Congress, in part, enacted these rules to allow evidence that may help prevent the case from becoming an "unresolvable swearing match." *Enjady*, 134 F.3d at 1431. Here, one of Mr. Perrault's arguments is that there is "no corroborating evidence to support the allegations." Doc. 40 at 3. He also argued at the hearing that there is no physical evidence in this case, and that the allegations are old and unreliable. The *Enjady* court discussed the need for corroborating evidence when the alleged abuser claims consent as a defense. 134 F.3d at 1433.

In this case, the defense is not consent but rather that the abuse did not occur and that the other allegations have no relevance. Nevertheless, Congress' rationale holds in this context as well, as there are no witnesses to the alleged abuse so corroborating evidence "has undeniable value in bolstering the credibility of the victim." *Id*. The defense in this case turns on challenging John Doe 1's credibility, which is the precise scenario that Rules 413/414 were designed to cover—corroborating victims allegations of abuse when there is no other corroborating evidence. Allowing only the testimony of John Doe 1 may result in a "swearing match" between

him and Mr. Perrault.

### iii. How Seriously Disputed Is the Material Fact

The next *Enjady* factor for the Court to consider is how disputed are the facts the proffered evidence seeks to prove. Here, Mr. Perrault argues that the proposed evidence is "highly disputed" and the only evidence of child molestation is the alleged victims' statements. Doc. 40 at 3. As noted earlier, the proposed evidence not only involves the alleged victims' statements, but several statements made by Mr. Perrault himself. Here, the material fact to be bolstered by the proffered evidence is whether the alleged acts of abuse occurred between Mr. Perrault and John Doe 1, which is "hotly disputed." *Benally*, 500 F.3d at 1092. As previously discussed, because of the corroboration of the proffered evidence, it speaks directly to this material fact and the Court thus finds it is admissible on this point.

### iv. Whether the Government Can Avail Itself of Any Less Prejudicial Evidence

The final *Enjady* factor for the Court to consider is whether there is any less prejudicial evidence. The government states that it cannot conceive of any less prejudicial evidence. Doc. 45 at 16. Here, the government will be relying on the testimony of an adult about acts that occurred when he was a child, over 25 years ago. *Id.* at 16–17. John Doe 1's credibility will be challenged and thus others claiming similar abuse will be highly probative of Mr. Perrault's propensity and John Doe 1's credibility. *Id.* at 17. Further, here there were no witnesses to the alleged incidents of abuse and, as defense counsel pointed out, there is no physical evidence in this case. The Court finds that there is no less prejudicial evidence that the government would be able to produce.

b. Probative Dangers

*Enjady* directs that, with respect to the court's analysis of the probative dangers when

admitting this evidence, it should consider: (1) how likely it is such evidence will contribute to an improperly-based jury verdict; (2) the extent to which such evidence will distract the jury from the central issues of the trial; and (3) how time consuming it will be to prove the prior conduct. 134 F.3d at 1433 (citation omitted). The Court must also consider how these potential probative dangers may be mitigated by a limiting instruction to the jury, as has been used in past Tenth Circuit cases. *See United States v. Mercer*, 653 F. App'x 622, 629–30 (10th Cir. 2016); *United States v. Chaco*, 520 F. App'x 694, 696 (10th Cir. 2013).

      i.    Potential for Improperly-Based Jury Verdict

The Court finds that the danger of an improperly-based jury verdict does not warrant the exclusion of the proffered evidence in this case. The Court acknowledges that this evidence is difficult, but finds that the additional evidence presented by John Does 2 through 9 will be of a similar nature to that regarding John Doe 1.

Furthermore, the proffered evidence is no more prejudicial than that sanctioned by the Tenth Circuit in prior cases. The Tenth Circuit in *United States v. Meacham* found no abuse of discretion in the district court's decision to admit evidence of two other victims to rebut the defendant's denial of any sexual contact with the alleged victim in the case who complained of two incidents around the ages of eight and ten. 115 F.3d at 1491. The government called two of the defendant's stepdaughters who both testified that the defendant had molested them when they were young girls over thirty years prior. *Id*. In *United States v. McHorse*, the defendant was charged with engaging in sexual acts with three victims, all under the age of twelve. 197 F.3d at 894. The defendant's sole defense was fabrication, and the district court allowed Rule 414 evidence during its case-in-chief, including testimony of two other alleged victims as well as several witnesses who corroborated facts relating to both the charged and uncharged victims. *Id*.

at 895. The Tenth Circuit found no abuse of discretion in allowing this testimony. *Id*. at 899. In *United States v. Benally*, the defendant was charged with aggravated sexual abuse of his twelve-year-old granddaughter. 500 F.3d at 1086. The Tenth Circuit affirmed the district court's decision to admit evidence of four additional victims under Rules 413/414, including an alleged rape of the defendant's daughter when she was between ten and twelve years old, which had taken place between 19 and 21 years prior to the incident at issue. *Id*. at 1088. In *United States v. Batton*, the defendant was charged with the Interstate Transportation of a Minor for Unlawful Sexual Relations, pursuant to 18 U.S.C. § 2423(a), for repeatedly touching the victim while he was between the second and sixth grades. 602 F.3d 1191, 1195 (10th Cir. 2010). The Tenth Circuit found no error in the district court allowing evidence under Rule 413 of a prior conviction of engaging in prohibited sexual acts with a fourteen-year-old approximately fifteen years prior. *Id*. 1196–97. In *United States v. Velarde*, the defendant was charged with sexual abuse of the eight-year-old daughter of the woman he was dating. 88 F.App'x at 340–41 (10th Cir. 2004). The Tenth Circuit upheld the district court's admission of the defendant's niece's testimony that he had molested her two separate times when she was seven or eight years old, twenty years prior to the charged incident. *Id*. More recently, in *United States v. Mercer*, the defendant was charged with possession of child pornography. 653 F.App'x at 623. The Tenth Circuit affirmed the district court's decision to allow testimony under Rule 414 of three prior victims of child sexual assault, all relatives of the defendant's ex-wife. *Id*. at 624–25. The proffered evidence in this case is more similar to the charged offense and less prejudicial than prior act evidence previously authorized by the Tenth Circuit.

The Court also finds that a limiting jury instruction will protect against an improperly-based verdict. In *United States v. Vafaedes*, the government sought to admit testimony of four

11

prior victims under Rule 413. No. Cr. 14-00153, 2015 WL 9273936 (D. Utah Dec. 18, 2015). With respect to prejudice, the court found that the danger of an improperly-based jury verdict was unlikely because any prejudice could be addressed by a limiting jury instruction. *Id*. at \*13. *See also Meacham*, 115 F.3d at 1492 ("the courts are to 'liberally' admit evidence of prior uncharged sex offenses"); *Chaco*, 520 F.App'x at 697 (finding no abuse of discretion where evidence was admitted under Rule 414 without a limiting instruction); *United States v. Pascal*, 610 F.App'x 791, 795 (10th Cir. 2015) (finding no abuse of discretion when defendant appealed conviction of abusive sexual contact where district court admitted evidence of prior sexual assault allegation under Rule 413).

The proffered evidence will be permitted to be introduced during the government's case-in-chief, and the jury will be provided with a limiting instruction. The parties are permitted to question potential jurors during Voir Dire as to their willingness to follow the law and the Court's instructions. Accordingly, the Court does not find that the danger of an improperly-based jury verdict is grounds for exclusion of this evidence.

  ii. Extent to Which Evidence of Uncharged Victims Will Distract the Jury

*Guardia* provides some guidance with respect to the second issue, that the evidence may distract the jury from the central issues of the trial. The district court in *Guardia* assessed four potential witnesses who would provide testimony under Rule 413. 955 F. Supp. 115 (D.N.M. 1997). The court determined that the four additional witnesses would add "confusingly similar, but potentially distinguishable, legal issues into the trial." *Id*. at 118. Because the case involved inappropriate touching during gynecological examinations, the court found that the context of ostensible medical examinations would require additional prosecution or defense expert testimony on collateral matters to testify to appropriate examination procedures. *Id*. The factual

differences between the instances of assault for each victim would create a mini-trial on the allegations of victims who were not the subject of the indictment. *Id*.

The credibility of John Doe 1's testimony is the central issue in this case. The Court finds that the proffered evidence will not distract the jury. Rather, the proffered evidence will speak directly to John Doe 1's credibility. The Court, again, notes that the courts have affirmed the language in the jury instructions and the fact that a limiting instruction can prevent distraction from the central issue. Accordingly, the danger that the evidence will distract the jury from the central issue of trial does not warrant the exclusion of the proffered evidence.

   iii.   Time Consuming Nature of Prior, Uncharged Conduct

Again, the *Guardia* court provides insight into this factor, as it determined that additional expert testimony would be required as to each of the other alleged victims who would testify pursuant to Rule 413. *Id*. The court determined, based on the briefs, proffers, and oral arguments, that the additional four victims under 413 did not add much probative value to the two prosecuting witnesses' testimony but had "the definite potential to confuse the jury and unnecessarily extend the trial." *Id*.

In this case, however, nothing about the proffered testimony indicates that complex issues would arise requiring additional expert testimony. The Court accordingly finds that the additional evidence will not be so time consuming as to warrant its exclusion. The Court notes that evidence under Rules 413/414 is always time consuming, and for that reason the Court will ensure that the evidence offered remains relevant and similar to the evidence regarding John Doe 1's allegations. The government has already set forth its intentions with respect to the parameters of its examination of the witnesses. The Court does not find the added time of the additional victims' testimony to be a basis for excluding the evidence.

Because the Court does not find any of the Rule 403 dangers to outweigh the probative value of this evidence, the proffered evidence will be admitted under Rules 413/414.

### III. The Rule 413/414 evidence will be admissible during the case-in-chief.

The Court finds that the Rule 413/414 evidence will be permitted during the government's case-in-chief. The Tenth Circuit has previously allowed such evidence during the case-in-chief, and there is no rule requiring that it be limited to rebuttal. *See Enjady*, 134 F.3d at 1434 (The district court allowed testimony in the government's case-in-chief after hearing defense counsel's consent defense during opening statement. The Tenth Circuit found no abuse of discretion in the district court's admission of Rule 413 evidence after engaging in Rule 403 balancing.); *McHorse*, 179 F.3d at 895 ("As part of its case-in-chief, the government also introduced the testimony of six additional individuals.").

### IV. Rule 404(b) Evidence

During the hearing, the government indicated that it seeks to introduce evidence of prior alleged acts of abuse under Rule 404(b) for John Does 4, 7, and 9, as some of their incidents of alleged abuse occurred after they reached the age of 16. The Court will permit testimony regarding Mr. Perrault's alleged grooming patterns. However, the court will reserve ruling on the admissibility of the proffered Rule 404(b) evidence until trial. The parties should approach the bench prior to offering any Rule 404(b) evidence at trial.

## CONCLUSION

The Court finds that the proffered evidence is admissible and meets the threshold requirements under Rules 413/414. The Court also concludes that the evidence is relevant and probative, and the probative value is not substantially outweighed by the prejudicial dangers under Rule 403.

**IT IS THEREFORE ORDERED** that Mr. Perrault's Motion *in Limine* to Exclude Evidence Pursuant to Fed. R. Evid. 404(b), 413, and 414 [Doc. 40] will be **DENIED** as to the evidence offered under Rules 413 and 414. The Court does not find that the proffered evidence is unduly prejudicial such that it should be excluded under Rule 403. This evidence will be permitted during the government's case-in-chief and will not be limited to rebuttal. The Court will defer ruling on the admissibility of the evidence offered under Rule 404(b) until trial, and requires that the parties approach the bench before offering such evidence at trial.

DATED this 25th day of March, 2019.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE