# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ARTHUR PERRAULT )<br>)<br>Defendant. ) | CRIMINAL NO. 17-02558-MV-1 |

## ORDER ON UNITED STATES' Motion *in Limine*
## to Preclude Evidence About Quality of Government's Investigation

**THIS MATTER** comes before the Court on the government's Motion *In Limine* to Preclude Evidence about Quality of Government's Investigation. Doc. 71. Defendant filed an untimely Response. Doc. 108. The government then filed a Reply. Doc. 116. Having considered the Motion, relevant law, and being otherwise fully informed, the Court will **RESERVE** ruling on this issue until trial.

### BACKGROUND

The government seeks an order preventing Mr. Perrault from questioning witnesses or otherwise offering any evidence at trial about the quality of the government's investigation. Doc. 71. It states that such evidence is "irrelevant under Fed. R. Evid. 401, would confuse the issues and mislead the jury under Fed. R. Evid. 403, and violates the generally [*sic*] prohibition on such evidence set forth in *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1992)." *Id.* at 1. The government states that "a defendant is not allowed to engage in unfounded speculation that the government's investigation was 'shoddy' or 'slanted.'" *Id.* at 2 (citing *McVeigh*, 153 F.3d at 1192).

Mr. Perrault responded that the government's assumptions regarding defense strategy should not be considered in making the Court's ruling. Doc. 108 at 1. While he did not dispute the Court's ruling in *McVeigh*, Mr. Perrault asserted that he should be allowed to ask questions of government witness's regarding their investigation, and the government should also be free to argue that the investigation was "diligent and objective." *Id.* Mr. Perrault also noted that the government could present evidence and argument regarding the reliability of the evidence, or object to any questions raised on cross-examination. *Id.* at 1–2.

The government then replied that Mr. Perrault ignores the legal authority provided in *McVeigh* and *Veal*. Doc. 116 at 1–2. It also stated that Mr. Perrault did "not provide the Court with any reasons why evidence about the quality of the government's investigation is relevant to the material issues of the case or why such evidence would not confuse or mislead the jury by diverting the factfinder's attention from the question of whether Defendant committed the crimes charged in the indictment." *Id.* at 2.

## ANALYSIS

In *United States v. McVeigh*, the Tenth Circuit held that generally, "the facts surrounding the government's investigation may become relevant" only when they would affect the reliability of a particular piece of evidence. 153 F.3d at 1192. The Tenth Circuit further held that the defendant had failed to establish the proper nexus between the evidence he sought to introduce, and the quality of the government's investigation. *Id*. at 1191–92. However, this finding should not be taken to suggest that questioning the integrity of the government's investigation would never be proper.

The quality or bias of the government's investigation that produces the evidence that is submitted to the jury may affect the reliability of the evidence, and would therefore be relevant

information. *See United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000) (citing *Kyles v. Whitley*, 413 U.S. 419, 446 (1995)); *see also Lowenfield v. Phelps*, 817 F.2d 285, 291–92 (5th Cir. 1987) (finding defense's strategy to argue that "sloppy police work reflected adversely on the state's entire case" was reasonable), *aff'd on other grounds*, 484 U.S. 231 (1988). It may bear on the quality of the government's witnesses and, "perhaps more importantly, the weight to be given to evidence produced by [the] investigation." *Sager*, 227 F.3d at 1145. Evidence that testifying agents may have engaged in misconduct may also be admissible to show motive or bias. *United States v. Wilson*, 605 F.3d 986, 1006–07 (D.C. Cir. 2010). But, as was the case in *McVeigh*, a court must limit such inquiries when they are based on mere speculation.

The Court is required to determine the relevancy of the evidence pursuant to Rule 401 of the Federal Rules of Evidence, and to ensure that the danger of confusing the issues or misleading the jury do not substantially outweigh the probative value of the evidence pursuant to Rule 403. Fed. R. Evid. 401; Fed R. Evid. 403; *see also United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994) (excluding evidence regarding the government's investigation as "irrelevant" and noting that the "exclusion of evidence on the grounds of relevancy is within the discretion of the trial court.") (quoting *United States v. McLaurin v. Fischer*, 768 F.2d 98, 104 (6th Cir. 1985)).

Whether the government could have done more will not necessarily shed light on whether sufficient evidence has been adduced to establish a defendant's guilt or innocence. *United States v. Mirabal*, 2015 WL 1350551, 13-CR-1152 WJ (D.N.M. Nov. 24, 2015). The introduction of evidence should not be based on speculation, create unfair prejudice, nor serve to confuse or mislead the jury. *Id.* It is not sufficient, for example, "for a defendant merely to offer up unsupported speculation that another person may have done the crime." *United States v. Meisel*, 875 F.3d 983, 991 (10th Cir. 2017) (citing *McVeigh*, 153 F.3d at 1191). However, such evidence

*is* admissible if a defendant's "proffered evidence … , on its own or in combination with other evidence in the record, … show[s] a nexus between the crime charged and the asserted" theory. *Id*. at 1002.

Indeed, such evidence has been allowed in cases to generally cast doubt on the government's case. In these cases, the Tenth Circuit has affirmed the trial court's limiting instruction regarding the extent to which the jury could consider evidence questioning the government's investigation. *See United States v. Jenks*, 714 F. App'x 894 (10th Cir. 2017). *See also United States v. Lemon*, 714 F. App'x 851 (10th Cir. 2017) (unpublished); *United States v. Johnson*, 479 F. App'x 811 (10th Cir. 2012) (unpublished).

At this time, the Court cannot ascertain how the defense will respond to the government's case. If the defense intends to introduce evidence regarding the quality of the government's investigation, such evidence must point to a specific failure of the government investigation that is tethered to a relevant issue. Any evidence on this topic introduced by the defense must be relevant in that it brings into question the reliability of a specific piece of evidence procured through the government's investigation. *See McVeigh*, 153 F.3d at 1192. Furthermore, if defense sets forth any reasonable doubt arguments, he must show a proper nexus between the evidence he seeks to introduce and the quality of the government's investigation. *Id*. at 1191–92.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Court will **RESERVE** ruling on the government's Motion *In Limine* to Preclude Evidence about Quality of Government's Investigation [Doc. 71]**.**

DATED this 26th day of March, 2019.

_____
MARTHA VAZQUEZ
United States District Judge