IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 17-2558-MV |
| | ) | |
| vs. | ) | |
| | ) | |
| **ARTHUR PERRAULT,** | ) | |
| | ) | |
| Defendant. | ) | |

### OPPOSED MOTION FOR JUDGMENT OF ACQUITTAL

Arthur Perrault, Defendant, by and through undersigned counsel, Samuel L. Winder, Romero & Winder, P.C., respectfully requests this Court grant a motion for judgment of acquittal in this matter based upon insufficiency of evidence, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure.[1]

    **I.**    **There was insufficient evidence to convict Arthur Perrault.**

    **A.**    **The legal standard.**

This Court should view all the evidence in the light most favorable to the government and determine if any rational juror could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In this case, there was insufficient evidence to convict Mr. Perrault of the charges set forth in the sealed indictment.

    **B.**    **Facts adduced at trial.**

At trial, Kenneth Wolter testified that he was abused as a child between 1991 and 1992.

---

[1] Mr. Perrault filed a separate motion for new trial. The issues related to Part I of the amended sealed motion may be tied directly to the matters set forth in Part III of the amended sealed motion. Part I of the amended sealed motion are precisely the matters set forth in this motion for judgment of acquittal. In addition, this Court previously denied a

1

He claimed that Mr. Perrault sexually abused him at a rectory at Saint Bernadette's Church. He also claimed that Mr. Perrault sexually abused him at Kirtland Air Force Basse and the Santa Fe National Cemetery and other public locations. There was no evidence to corroborate the alleged abuse.

Mr. Wolter claimed that he went to Saint Bernadette Church on November 9, 2016 with retired Special Agent Leroy Chavez. He also testified that he went to several other locations where he was allegedly abused, including Kirtland Air Force Base and the Santa Fe National Cemetery. He acknowledged that he was away from his mother for many hours at a time , but he never told his mother of any alleged abuse. His mother would wait in the car for him, but she would not be concerned if he was late. They would drive back to the East Mountains where they lived, Monday through Friday. During the 30- minute drive, Kenneth Wolter was not "aware of" if he ever told his mother anything. He testified that he was abused over 100 times, but his mother never noticed anything.

The United States introduced the testimony of retired FBI Agent Benedict Bourgeois. According to FBI Agent Bourgeois, Arthur Perrault set forth the following:  he was assigned to Saint Bernadette Catholic Church; he performed only funerals in Albuquerque; he never performed any funeral services at the National Cemetery in Santa Fe; he acknowledged that Kenneth Wolter's mother brought him to church every weekday; he was in a vehicle with Kenneth Wolter 3 or 4 times going to a cemetery in Albuquerque; he admitted to abusing Mark Romero 50 years ago; and he never confessed to sexually abusing Kenneth Wolter.

The United States did not introduce the testimony of FBI Agent Chavez. FBI Agent Chavez testified as a hostile witness. He testified that Mr. Wolter stated that he was allegedly

---

motion for judgment of acquittal after the United States' case-in-chief and before this matter was presented to the jury.

abused in a room in the rectory, but did not specify the exact location during a November 9, 2016 visit. FBI Agent Chavez also testified that he was present at the rectory on June 29, 2017, and he interviewed Dan Paulos. FBI Agent Chavez could not recall how or why he focused on one particular room in the rectory. FBI Agent Chavez testified that Kenneth Wolter *was not* present at Saint Bernadette Church on June 29, 2017.

Merrica Heaton testified by video-conference. Her job was to provide services for Americans living overseas. She is not a law enforcement officer. She met with Arthur Perrault, but she *did not document any statements* that he made. Mark Romero's name was never mentioned in the alleged statements. She was unaware of any agreement between the Archdiocese of Santa Fe, Mark Romero and Arthur Perrault. She was unaware of any charges against Arthur Perrault. She acknowledged that the term "transgressions" that was used was very broad. She also testified that Mr. Perrault never used the name Kenneth Wolter. Arthur Perrault did not tell Ms. Heaton that he sexually abused Kenneth Wolter.

David Lopez testified that he was employed with Saint Bernadette Church in the summer of 1992 for about four months. During his employment, he would go into the building that is now the rectory. In the summer of 1992, Mr. Lopez testified that there were no beds in the building. He also testified that he would see Kenneth Wolter and Arthur Perrault during weekday masses. He never saw Kenneth Wolter and Arthur Perrault alone. After mass, he saw Kenneth Wolter go to his mother and sister and would see Arthur Perrault go back to his office. In 1996, David Lopez returned back to employment with Saint Bernadette Church. The parish offices had been converted to a rectory.

Priscilla Padilla-Griego testified as a witness for the Government and for the defense. As a witness for the United States, she testified that she knew Kenneth Wolter's mother. She saw

3

him with two other men about 18 months ago.   She saw Kenneth Wolter on a warm day at Saint Bernadette Church.   Wolter was with Dan Paulos.   She did not see him with any other woman.   She was shown funeral logs and just because a priest performed the funeral at Saint Bernadette Church, that did not mean the priest went to the burial site.   She testified that deacons generally went to the burial site.

As a witness for the defense, Priscilla Padilla-Griego testified   she was a parishioner at Saint Bernadette Church since 1959.   Priscilla Griego saw Kenneth Wolter for the first time since he left New Mexico.   She saw Kenneth Wolter with Dan Paulos and two other men.   One of the men was with the FBI and the other was with the military.   She did not see any woman with Kenneth Wolter.   She only saw Kenneth Wolter and the two other men one time at Saint Bernadette Church.   She did not see any woman with them.   She only saw Kenneth Wolter one time at Saint Bernadette Church in the last 10 years.

Dan Paulos testified that he was present during an interview on June 29, 2017 at the "rectory."   He testified that Kenneth Wolter was also present during the interview.   Specifically, he saw Kenneth Wolter point to a room where he stated that there was a bed present.   On June 29, 2017, Dan Paulos testified that he stated there was no bed in the room in 1991 and 1992 because it was an office.   He made this statement in the presence of FBI Agent Chavez, Kenneth Wolter and another man who he presumed was with the Air Force.   Dan Paulos testified that the building now is now a rectory where the "parish offices" were located in 1991 and 1992.   Dan Paulos never saw Kenneth Wolter in the parish offices.   Dan Paulos testified that there were never any beds in the parish offices.   In addition, based upon the location of his office, Dan Paulos could see persons who came into the parish offices.

The defendant introduced the testimony of FBI Agent Christina Sandoval as a hostile

witness. She testified that she was present during the interview of Dan Paulos June 29, 2017. She testified that Kenneth Wolter was not present during the June 29, 2017. After hearing the testimony of Priscilla Padilla-Griego and Dan Paulos, the United States introduced the rebuttal testimony of FBI Agent Sandoval. She stated that Kenneth Wolter was not present on June 29, 2017. The United States introduced FBI Agent Sandoval's notes that were dated June 29, 2017. The notes do not indicate whether Kenneth Wolter was present or not present at Saint Bernadette Church on June 29, 2017. On cross-examination, FBI Agent Sandoval testified that she had not been to Saint Bernadette Church until March 2019. She again denied seeing Kenneth Wolter at Saint Bernadette Church on June 29, 2017.

James Quintana testified that Arthur Perrault was his height about five feet, eight inches. He met Father Sabine Griego when he was 13 years old. Father Griego sexually abused him 80 times. He went on weekend trips with Father Griego and was given alcohol. On a trip to Las Vegas, New Mexico, he mixed prescription drugs with alcohol and he could not remember much of what happened in Las Vegas, New Mexico. Father Griego and he bought alcohol and picked up Arthur Perrault at Saint Bernadette Church in 1993. The allegations against Arthur Perrault were not corroborated. He spoke with a counselor who asked him if he had a lawyer. He received a $250,000 settlement with the Archdiocese of Santa Fe. Arthur Perrault was never deposed to challenge the claim.

Mark Nowak testified that his long-term memory has been lost. He went to Kirtland Air Force Base with Arthur Perrault were weapons were stored. He testified that Arthur Perrault abused him over 50 times in the same room with his father who was watching television about 8-10 feet away. He filed a lawsuit with the assistance of Bruce Pasternack in 1994. He sued the Archdiocese of Santa Fe and received a $100,000 settlement. In the admission, there was no

admission of liability.  Arthur Perrault was never deposed to challenge the claim.

Thomas Nowak testified that Arthur Perrault took him to the Manzano Mountains where bombs and artillery were stored.  He testified that Arthur Perrault gave confessions at the Nowak home.  His parents were gone 2-3 hours.  He testified that the alleged abuse occurred, but his parents did not notice anything.  He filed a lawsuit filed by Bruce Pasternack after he read about Arthur Perrault in the newspaper.  He received a $100,000 settlement from the Archdiocese of Santa Fe.  Arthur Perrault was never deposed to challenge the claim.

Michael Harris testified that after the alleged abuse, his father asked him to write a letter.  However, his father did not report to the alleged incident to the police.  Harris talked to a therapist several times and through therapy he stated that a sexual act had occurred – but the act never occurred.  Specifically, he had dreams of oral sex, but the incident never happened.  In 1993, Bruce Pasternack sued the Archdiocese of Santa Fe and he received a $10,000 settlement.  Arthur Perrault was never deposed to challenge the claim.  The alleged incident occurred on December 4, 1971, but Arthur Perrault was on military duty on December 4, 1971 in the morning and afternoon with the Air National Guard.  Harris testified that Arthur Perrault performed a wedding on December 4, 1971, even though Mr. Perrault was on military duty of that day.

Steven Finke did not file a lawsuit.  He testified that an incident occurred at the rectory at Saint Bernadette Church.  After the alleged incident, he spoke to his mother.  She did not report anything to the police.  Finke went to Arthur Perrault's condominium after the first alleged incident.  He spoke with his mother again, but she did nothing and reported nothing to the police.  Finke went back to Arthur Perrault's condominium two more times.

Charles Starzynski was born in 1952.  He testified that an alleged incident occurred in November or December 1969.  He testified that Arthur Perrault went to his home on a Sunday in

his "priestly suit" and abused him.  Afterwards, he had breakfast with his father.  He never told his father about the incident.  He testified that Arthur Perrault was in the military.  However, Mr. Perrault was not in the military in 1969.  He did not enlist in the Air Force until April 1970.

Dr. Mark J. Chambers testified as expert for the defense.  He testified about memory and the issues that might impact memory, including external sources.  He testified that a false allegation could become a false memory.

**C.     Argument**

There was insufficient evidence to convict Mr. Perrault for the alleged offenses set forth in the indictment.  The United States introduced the testimony of the alleged victim, Kenneth Wolter and the statement of Arthur Perrault.  There was no corroboration of the allegations.  The United States bolstered the testimony of Kenneth Wolter through the uncorroborated allegations of the Rule 414/413 witnesses.  Without the testimony of the other witnesses, the United States would not have convicted Arthur Perrault.

In his statement to FBI Agent Bourgeois, Mr. Perrault stated that he saw Kenneth Wolter every day.  According to Priscilla Padilla-Griego, daily mass was from 9:00 to about 9:30 a.m. each day.  David Lopez would see Kenneth Wolter and Arthur after mass and they both went their separate ways.  Dan Paulos' office was in the parish offices and never saw Kenneth Wolter in the parish offices.

As this Court is aware the credibility of a witness is critical in a criminal trial.  In this case, the credibility of Kenneth Wolter, FBI Agent Chavez and FBI Agent Sandoval should be weighed against the testimony of Priscilla Padilla-Griego, David Lopez and Dan Paulos.  Specifically, there are two salient factors at issue: the condition of the building that is presently characterized as a "rectory"  and characterized as "parish offices" in 1991 and 1992; and the location of Kenneth

Wolter on June 29, 2017.   Kenneth Wolter was present at Saint Bernadette Church when Dan Paulos was interviewed by Agent Chavez on June 29, 2017.[2]

In 1991 and 1992, there was *no rectory* at Saint Bernadette Church.   The location of where the rectory is today is where the parish offices were located in 1991 and 1992.   David Lopez, who performed work at Saint Bernadette Church, testified that there were *no bedrooms or beds in the parish offices in the summer of 1992.*   Dan Paulos testified that there no bedrooms or beds in the parish offices in 1991 and 1992.   The United States discredited the testimony of Dan Paulos.   However, they could not discredit the testimony of David Lopez.   David Lopez had no motive to lie.   The foundation of the United States' case is the testimony of Kenneth Wolter.   If Kenneth Wolter lied about the allegations regarding the bedroom in the parish offices – the United States knew that a jury could discredit his entire testimony.   There was no bed in the parish office where Kenneth Wolter testified Arthur Perrault abused him.   Arthur Perrault did not abuse Kenneth Wolter in the parish offices.   He did not abuse Kenneth Wolter at any location. Accordingly, there was insufficient evidence that Mr. Perrault sexually abused Kenneth Wolter.

AUSA Holland S. Kastrin and AUSA Sean J. Sullivan oppose this motion.

WHEREFORE, Mr. Perrault requests this Court grant a motion for judgment of acquittal, pursuant to Fed.R.Crim.P. Rule 29(c).

Respectfully Submitted,

**SAMUEL L. WINDER**
Romero & Winder, P.C.

---

[2] As set forth in several pleadings, the United States did not disclose the June 29, 2017 FD-302 until Mr. Perrault's investigation revealed that an interview had occurred.   It is difficult not to assume the United States was concerned about this matter by introducing the rebuttal testimony of FBI Agent Sandoval.   It is noteworthy that the United States did not introduce the testimony of either Agent Sandoval or Agent Chavez in the United States' case-in-chief.   The issue of whether the room was an office or was a bedroom is a significantly disputed fact.   As set forth in previous pleadings, the United States did not disclose the FD-302 interview prior to a plea proposal deadline of November 9, 2018.

        1905 Lomas Blvd. NW
        Albuquerque, NM   87104
        (505) 843-9776

        /s/ Samuel L. Winder
        Counsel for Arthur Perrault

## CERTIFICATE OF SERVICE

      I hereby certify that on April 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: Holland Kastrin, Assistant United States Attorney and Sean Sullivan, Assistant United States Attorney.

        ***Electronically filed April 23, 2019***
        /s/ Samuel L. Winder
        Counsel for Arthur Perrault